**HARP ADVERTISING ILLINOIS, INC., Plaintiff–Appellant,**

**v.**

**VILLAGE OF CHICAGO RIDGE, ILLINOIS, Defendant–Appellee.**

**No. 93–1103.**

United States Court of Appeals, Seventh Circuit.

Argued Nov. 3, 1993.

Decided Nov. 19, 1993.

Barbara J. Gosselar (argued), Kenneth T. Kubiesa, Kubiesa & Power, Westmont, IL, for plaintiff-appellant.

Edward M. Kay, James T. Ferrini, Sonia V. Odarczenko, Susan Condon (argued), Imelda Terrazino, Clausen, Miller, Gorman, Caffrey & Witous, Chicago, IL, Robert B. Baal, Bryan J. O'Connor, Baal & O'Connor, Chicago, IL, for defendant-appellee.

Before FLAUM and EASTERBROOK, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.

EASTERBROOK, Circuit Judge.

Harp Advertising wants to erect a billboard in Chicago Ridge, Illinois. Portions of the village's zoning code got in the way; so did provisions of its sign code. Harp filed this suit under 42 U.S.C. § 1983, contending that the ordinances violate the first amendment, applied to states (and villages) by the fourteenth. Magistrate Judge Lefkow recommended that the district court declare the sign code unconstitutional but sustain the zoning code; before the district court could act, Chicago Ridge repealed the challenged provisions of the sign code. The district judge then declared the challenge to the sign code moot and entered judgment for the village, 809 F.Supp. 1315, on Harp Advertising's challenge to the zoning code—a challenge depending on the theory that a ban on off-premises signs discriminates against noncommercial speech. See *Messer v. Douglasville,* 975 F.2d 1505 (11th Cir.1992) (holding that an ordinance restricting off-premises signs does not implicitly discriminate against particular subjects or viewpoints); *Chicago Observer, Inc. v. Chicago,* 929 F.2d 325, 328 (7th Cir.1991) (on-premises rule permissible because it "makes no exception for favored causes").

Repeal of an ordinance does not necessarily terminate the case or controversy. See *Mesquite v. Aladdin's Castle, Inc.,* 455 U.S. 283, 289, 102 S.Ct. 1070, 1074, 71 L.Ed.2d 152 (1982), observing that "repeal of the objectionable language would not preclude [a city] from reenacting precisely the same provision if the District Court's judgment were vacated." See also *Northeastern Florida Chapter of the Associated General Contractors of America v. Jacksonville,* —— U.S. ——, ——, 113 S.Ct. 2297, 2301, 124 L.Ed.2d 586 (1993). But Harp Advertising confronts a deeper problem. It lacks standing to challenge either the sign code or the zoning code, because it could not put up its sign even if it achieved total victory in this litigation. See *Renne v. Geary,* —— U.S. ——, —— —— ——, 111 S.Ct. 2331, 2337–38, 115 L.Ed.2d 288 (1991). Harp's proposed billboard would measure 20 by 60 feet. Yet village ordinance § 4–5–10–3(A) provides that no sign may have a face exceeding 200 square feet. Harp does not contest the validity of this ordinance; its proposed billboard, six times as large as Chicago Ridge allows, therefore will never appear. This litigation is irrelevant. There might be a point to the case if Harp wanted to post a smaller sign in the event it could clear away the regulatory obstacles other than § 4–5–10–3(A). But Harp did not make such a representation in the district court, and its lawyer refrained from doing so in this court despite an invitation during oral argument.

Harp believes that because it is waging a "facial" attack on the ordinances it need not show that a victory will produce a concrete benefit. It misapprehends the relation between standing and "facial" challenges. Challenges to statutes as written, without inquiring into their application, are appropriate when details of implementation are inconsequential (usually because nothing could be done in the course of application to save the law) or when the laws are so over-

broad that the risk of improper application leads persons to withdraw from the borderland. Fear of penalty, leading to a reduction in speech, supports the doctrine that a person whose speech lawfully *could* be regulated may challenge a statute achieving regulation in an improper way, or to an excessive extent. *Forsyth County v. Nationalist Movement,* —— U.S. ——, —— – ——, 112 S.Ct. 2395, 2400–01, 120 L.Ed.2d 101 (1992). This does not imply, however, that the requirement of standing to sue has been elided. See Henry P. Monaghan, *Overbreadth,* 1981 Sup. Ct.Rev. 1. When the challenged statute is the only thing standing in the way of additional speech, the winner of the contest has a valuable prize, even if the government may enact a different statute that snatches away the victory. Harp has no similar prospect of gain. An injunction against the portions of the sign and zoning codes that it has challenged would not let it erect the proposed sign; the village could block the sign simply by enforcing another, valid, ordinance already on the books. Harp has no more to gain from winning this suit than would a firm seeking to erect a sign in Alaska (where an ordinance similar to Chicago Ridge's spelled the difference), or a lawyer living in Chicago Ridge and interested not in erecting signs but in constitutional governance. Cf. *Valley Forge Christian College v. Americans United For Separation of Church and State, Inc.,* 454 U.S. 464, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982).

■ To put this differently, one of the three ingredients of standing is a demonstration that the plaintiff's injury likely will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife,* —— U.S. ——, ——, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992); *Allen v. Wright,* 468 U.S. 737, 752, 104 S.Ct. 3315, 3325, 82 L.Ed.2d 556 (1984). Harp suffers an injury (it can't erect the proposed billboard), but winning the case will not alter that situation. We are conscious that it is possible to characterize "injury" in different ways; Harp says that its injury is the inability to erect an off-premises billboard. So recharacterized, however, the burden of which Harp complains does not cause it concrete harm. Compare Harp's position with that of one of the contractors in *Northeast-*

*ern Florida Chapter:* Jacksonville reserved some construction projects for minority contractors, and although this rule caused a concrete injury to contractors ineligible to bid for the reserved projects, competition *among* contractors made it impossible to know whether any particular firm would have gotten the business had it been eligible to bid (or, for that matter, whether it would have made a profit had it been awarded the work). Knowledge that there was *an* injury, coupled with inability to identify the victim—an inability attributable to the law being challenged—made it appropriate to recharacterize the injury as a denial of the opportunity to compete. —— U.S. at ——, 113 S.Ct. at 2303. So, too, a sprinter required to wear lead weights during a race suffers an injury independent of his inability to prove that he would win if allowed to run unencumbered. See also, e.g., *Clements v. Fashing,* 457 U.S. 957, 962, 102 S.Ct. 2836, 2842, 73 L.Ed.2d 508 (1982) (person may challenge laws blocking his candidacy for election to public office without establishing that the voters would elect him); *Regents of the University of California v. Bakke,* 438 U.S. 265, 98 S.Ct. 2733, 57 L.Ed.2d 750 (1978).

Law like life deals in probabilities. A rule reducing the probability of success causes a concrete injury for the same reason that an out-of-the-money warrant or option to buy stock sells at a positive price. Harp might use the cases recognizing this principle to say that there is *some* probability that it will eventually want to erect a sign of 200 square feet or less in Chicago Ridge. But it does not make such an argument, and even if it did we would have to ask: how likely is it that a judgment will do the victor any good? One may debate—judges *do* debate, vigorously—the appropriate threshold. See *Honig v. Doe,* 484 U.S. 305, 318–23, 108 S.Ct. 592, 601–04, 98 L.Ed.2d 686 (1988), *id.* at 332–39, 108 S.Ct. at 608–13 (Scalia, J., dissenting). Holding such an inquest in the absence of the plaintiff's assertion that the probability is significant would be an arid exercise. Harp Advertising wanted to put up a 1,200 square foot sign; for all we can tell, it has no interest in erecting anything smaller anywhere in the United States, let alone a sign

of 199 square feet in Chicago Ridge, Illinois. It therefore lacks standing.

The judgment of the district court is vacated, and the case is remanded with instructions to dismiss for want of a case or controversy.