In the

# United States Court of Appeals
## For the Seventh Circuit

No. 03-2183

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

TERY JOHNSON,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 01 CR 724—**Ruben Castillo**, *Judge.*

ARGUED FEBRUARY 20, 2004—DECIDED JULY 19, 2004

Before FLAUM, *Chief Judge*, and BAUER and MANION,
*Circuit Judges.*

MANION, *Circuit Judge.* 43-year-old Tery Johnson, while
exploring pornographic corners on the Internet, met who he
thought was a 14-year-old girl, Dena. After some sexually
explicit "chats" he set up a rendezvous with Dena at a
Chicago restaurant. But the person he encountered at the
meeting place was a female police officer and the Dena he
corresponded with on the Internet turned out to be a detec-
tive with the Cook County Sheriff's Department. Johnson
conditionally pleaded guilty to three counts involving his

attempt to entice a minor to engage in sexual activity and to produce visual depictions of such activity. Johnson appeals the district court's denial of his motions challenging the constitutionality of 18 U.S.C. § 2251 for lacking a scienter requirement and for being overbroad in violation of the First Amendment. He also appeals the district court's denial of his motion challenging language in the indictment stating that he believed "Dena" was a minor. We affirm the district court.

## I.

On July 18, 2001, Tery Johnson, a 43-year-old man from Bronson, Florida, was chatting in an Internet chat room[1] called "I Love Older Men:1" under the screen name "gasman69us." Johnson requested a private chat with another user who was using the screen name "chgogirl2002." This chat began a series of chats and e-mail messages of a highly sexual nature. Johnson sent chgogirl2002, who had identified herself to Johnson as a 14-year-old named Dena, several computer images, including pictures of what he claimed was his penis, and several video clips depicting acts of bestiality and masturbation. Johnson also sent Dena a package containing red women's undergarments and later

---

[1] In addition to allowing users to view text and images on web pages, the Internet allows users to converse with one another in real time. One method of doing so is through a "chat room." A chat room is a meeting place for Internet users. Users typically log into a chat room under a pseudonym or "screen name." Chat rooms are usually organized around topics of interest to users including, for example, college football, the music of Bob Dylan, or gardening. Users can chat in the chat room itself, an open forum where all other users can read the messages as they are typed, or users can meet in the chat room and then chat privately.

requested that Dena take a picture of herself in the under-garments and send the picture to him. Johnson also told Dena that he wanted to see her and made arrangements to travel to Chicago to visit her. Johnson told Dena that he would be bringing a video camera with him so that he could videotape her.

Johnson arranged to meet Dena at a McDonald's restaurant in Forest Park, Illinois. Johnson arrived at the McDonald's and was approached by a young woman who asked him if he was Tery. Johnson said yes and then grabbed the woman, pulled her close, and attempted to kiss her. At this point law enforcement agents swept in and arrested Johnson.

A search of Johnson's car revealed a video camera, a digital camera, a bottle containing several Viagra pills, and a bottle of moisturizing lubricant. After his arrest Johnson told police that he had believed Dena was a 14-year-old girl. In fact, it appears he even continued to believe this after arrest: in a written statement to the police, Johnson expressed his hope that Dena would continue with her schooling.

Dena, of course, was not a 14-year-old girl. The young woman who approached Johnson in Forest Park was Deputy Janet Staszel of the Cook County Sheriff's Department. The person Johnson had corresponded with on the Internet was Detective Bill Plahm. Johnson was charged by criminal information with traveling in interstate commerce for the purpose of engaging in a sexual act with a minor. On January 30, 2002, a grand jury returned a superseding indictment. The third count of this three-count indictment, and the only count at issue here, charged Johnson with an attempt "to employ, use, persuade, induce and entice a person *he believed to be a minor* to engage in sexually explicit conduct for the purpose of producing a visual depiction of

such conduct . . ." in violation of 18 U.S.C. §§ 2251(a) and (d) (emphasis added). The indictment also charged an appropriate interstate nexus for this count.[2]

Following his arrest, Johnson made two motions that are important here. First, he moved to dismiss the third count of the superseding indictment. Johnson argued, as he does again here, that § 2251 is unconstitutional because it lacks a scienter requirement and that it violates the First Amendment because it is vague and overbroad. Second, Johnson challenged the language in his indictment stating that Johnson believed Dena was a minor. Johnson argued that the addition of such language violated separation of powers principles. The district court denied both motions.[3]

Johnson then changed his plea from not guilty to guilty, reserving the right to appeal the decisions of the district

---

[2] Throughout this opinion, when discussing the elements of § 2251 we will make no reference to the interstate commerce elements because such elements are not at issue here. Such omission is for ease of reference and is not, of course, intended to suggest that the appropriate interstate commerce nexus need not be demonstrated.

[3] The appendix to Johnson's brief did not include a copy of the district court's order denying Johnson's motion concerning his indictment (captioned as a motion challenging potential jury instructions). The record for this case includes a docket entry stating that Johnson's motion to dismiss count three was denied "for the reasons stated in open court." 7th Cir. R. 30(b)(1) requires that the appellant must include a transcript of that ruling in the appendix. No such transcript was included in Johnson's brief or in the record submitted to this court. While in this instance the absence of the transcript will not affect our decision, counsel for Mr. Johnson is reminded of the necessity of complying with the rules of this court for the preparation of appendices.

court on the two motions described above. The district court accepted his plea and sentenced Johnson to 120 months' imprisonment. This appeal followed.

## II.

On appeal, Johnson makes a series of constitutional arguments. First, he argues that the government violated separation of powers principles when it inserted into his indictment language to the effect that he believed Dena to be a minor. Second, Johnson argues that 18 U.S.C. § 2251 violates the First Amendment because it does not include a scienter requirement. Finally, Johnson argues that § 2251 violates the First Amendment because it is overbroad and, therefore, criminalizes protected speech and conduct.

We look first at the indictment. The third count of Johnson's indictment reads, in pertinent part, as follows:

> 2. On or about August 18, 2001 . . . Tery L. Johnson, defendant herein, attempted to employ, use, persuade, induce and entice *a person he believed to be a minor* to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct . . . [i]n violation of Title 18, United States Code, Sections 2251(a) and 2251(d).

(Emphasis added.) At the time of Johnson's indictment,[4] §§ 2251(a) and (d) provided as follows:

> (a) Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has

---

[4]   Section 2251 was amended shortly after Johnson's sentencing. As a result of this amendment, subsection (d) is now subsection (e).

a minor assist any other person to engage in, or who transports any minor in interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, shall be punished as provided under subsection (d), if such person knows or has reason to know that such visual depiction will be transported in interstate or foreign commerce or mailed, if that visual depiction was produced using materials that have been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported in interstate or foreign commerce or mailed.

. . .

(d) Any individual who violates, or attempts or conspires to violate, this section shall be fined under this title and imprisoned . . . .

18 U.S.C. §§ 2251(a) & (d).

A.   *The Propriety of the Indictment*

Johnson argues that the inclusion in his indictment of language stating that "he believed [Dena] to be a minor" contravenes Congress's intent not to require that the defendant know the age of the minor for a violation of § 2251. Johnson claims that permitting the government to insert a knowledge requirement into the indictment would

enable the executive branch to rewrite laws passed by Congress—a violation of the separation of powers.[5]

We disagree. The government has added nothing to the indictment that is not required by the law of attempt. It is true that the commission of the completed offense under § 2251(a), which can be paraphrased for our purposes as the actual manufacture of child pornography, contains no requirement that the defendant know that the performer is a minor. *See United States v. X-Citement Video, Inc.*, 513 U.S. 64, 76 n.5 (1994). But the same is not true where the offense is one of attempt to manufacture child pornography. The offense for which Johnson was charged was the attempt to manufacture child pornography, and, as discussed below, an attempt requires that the defendant believe that the intended performer is a minor.

In general, the crime of attempt requires the specific intent to commit a crime and a substantial step towards the commission of that crime. *United States v. Martinez-Garcia*, 268 F.3d 460, 465-66 (7th Cir. 2000); *United States v. Romero*,

[5]    Johnson's argument concerning the indictment language is somewhat confusing and difficult to follow. We consider Johnson's argument, therefore, in two parts. We discuss first whether, under the law of attempt, a defendant can be convicted of an attempt to manufacture child pornography where commission of the completed offense would be impossible because the intended performer was not a minor. If the answer to this question is yes, the language at issue in the indictment would be permissible. We also address, in the context of the constitutionality of § 2251, whether the First Amendment prohibits the criminalization of an attempt to manufacture child pornography where there is no minor performer but only an adult posing as a minor. If the answer to this question is yes, Johnson's actions would not be subject to prosecution regardless of the language of the indictment.

189 F.3d 576, 589 (7th Cir. 1999). This court has held that "§ 2251 clearly proscribes the attempt to manufacture child pornography." *See United States v. Raney*, 342 F.3d 551, 561 (7th Cir. 2003). We have also noted "that when Congress utilizes a common law term or a legal term with an established meaning, the courts should apply the accepted definition absent a clear indication to the contrary." *United States v. Bailey*, 734 F.2d 296, 303 (7th Cir. 1984) (citing *Morissette v. United States*, 342 U.S. 246, 263 (1952); *United States v. Turley*, 352 U.S. 407, 411 (1957)). Thus, we take Congress's criminalization of an attempt to manufacture child pornography to mean that a defendant must have the specific intent to produce a sexually explicit visual depiction of a minor and must take a substantial step towards completing the offense. Because the defendant must have specific intent to manufacture child pornography, when a defendant's attempt is foiled because the performer was not a minor (thus making commission of the offense impossible), but was instead an adult, the government must demonstrate that the defendant believed that the intended performer was a minor.

Instructive here is the case where defendants plotted to kill an informant who turned out not to exist. *Cf. United States v. Cotts*, 14 F.3d 300, 307 (7th Cir. 1994). The defendant argued that there was no obstruction of justice because "planning to murder a nonexistent informant obstructs nothing." This court held otherwise. "That Fernandez and his co-plotters ultimately could not have murdered the fictitious informant does not diminish the sincerity of any efforts to accomplish that end. Futile attempts because of factual impossibility are attempts still the same." *Id.*

The same reasoning is applicable here. Because it was factually impossible for Johnson to complete the offense, he can only be subject to prosecution for an attempt to manu-

facture child pornography. What distinguishes Johnson's illegal act from a legal act is his belief that Dena was 14. If Johnson had not believed that Dena were a minor he could not be guilty of attempt to manufacture child pornography. It is not illegal for a person to produce non-obscene pornography using adult performers. *See Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 240 (2002), Because, however, Johnson did believe that Dena was a minor, he is guilty of an attempt to manufacture child pornography. *See United States v. Coffman*, 94 F.3d 330, 333 (7th Cir. 1996) ("[I]f the attempt is merely thwarted, and if completed in accordance with the defendant's understanding of the circumstances would have resulted in a crime, then the attempt is culpable even though it is certain that it would not have succeeded."). It was necessary for the government to show Johnson's belief that Dena was a minor. Therefore, it did not contravene the intent of Congress and thus violate the separation of powers for the government to include in the indictment a statement that he believed Dena was a minor.

B.   *The Constitutionality of § 2251*

Taking a somewhat different tack, Johnson also argues that § 2251 is unconstitutional because it does not require the government to prove that he knew that the performer was, in fact, a minor. The same principle used in resolving Johnson's challenge to his indictment applies here as well.

Johnson was indicted for, and pleaded guilty to, an attempt to produce child pornography. If Johnson is arguing that § 2251 is unconstitutional because it has no requirement that a defendant who produces child pornography must have knowledge concerning the age of the performer, he is challenging a law he did not violate, nor was he accused of violating. Johnson pleaded guilty only to an attempt, not to

commission of the completed offense. By not addressing in his brief the distinction between the law prohibiting attempt (where belief concerning the age of performer is necessary) and that against actual production (where belief or knowledge concerning the age of performer is not required), Johnson strays into an argument he has no standing to make.

A party seeking to challenge the constitutionality of a statute must first show injury and then show that such injury can be redressed by a favorable decision. *Harp Advertising Ill., Inc. v. Village of Chicago Ridge, Ill.*, 9 F.3d 1290, 1292 (7th Cir. 1993) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). Johnson was neither charged nor convicted of producing child pornography. He was convicted only for attempt. Challenging the constitutionality of the part of the law prohibiting actual production, where knowledge is not required, is of no benefit to Johnson. Therefore, Johnson does not have standing to challenge the constitutionality of the completed offense set forth in § 2251. We therefore express no opinion as to its constitutionality.

Johnson also challenges § 2251 as overbroad. A statute is overbroad where "it prohibits a substantial amount of protected expression." *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 244 (2002). Johnson argues that the statute sweeps into its purview speech which is constitutionally protected—conversations between two adults in which one adult asks another adult to appear in a sexually explicit film or other similar performance. Johnson argues, in effect, that a defendant can be guilty of an attempt to manufacture child pornography only where the intended performer actually is a minor. The logic of Johnson's argument is that government sting operations as they are now regularly conducted, such as the one involving Dena, would be unconstitutional because the "minor" is not a minor but an adult and

Johnson has a constitutional right to entice another adult to appear in a sexually explicit film or other pornographic work even if he believes that the adult is actually a minor.

To support his argument, Johnson relies heavily on the Supreme Court's decision in *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002). In *Free Speech Coalition*, the Court held that certain provisions of the Child Pornography Prevention Act of 1996, 18 U.S.C. § 2251 *et seq.* (the "CPPA"),[6] were unconstitutional because they implicated speech that was neither obscene nor involved actual minors. *Id.* at 256. The Court held that the government could not criminalize the manufacture, sale, or possession of pornography where a performer is not a minor but appears to be, or the advertising and promotion of the pornography conveys the impression that a performer is, a minor—so-called "virtual child pornography." Johnson argues that criminalizing an attempt to manufacture child pornography where the defendant believes the intended performer is a minor is akin to producing pornography (or other works) where an adult actor appearing to be minor engages in sexual acts or behaves in a sexually explicit manner. We disagree.

This case and § 2251 are distinguishable from the provisions at issue in *Free Speech Coalition*. In *Free Speech Coalition*, the provisions at issue involved works where a performer appeared to be, but was not, a minor. The prohibited works included any visual depiction or even a computer-generated image that appeared to be a minor (so-called "virtual pornography"). The producer could have intentionally used an adult performer and actually believed that the performer was an adult—it made no difference; so long as

---

[6] Section 2251 was not at issue in *Free Speech Coalition*. Although § 2251 is considered part of the CPPA, § 2251 actually predates the CPPA.

the performer appeared to be a minor, the producer (along with distributors, sellers, buyers, and possessors) had engaged in criminal conduct. Thus, the provisions of the CPPA at issue in *Free Speech Coalition* criminalized the production of works where no performer was a minor and the producers *did not believe* that any of the producers were a minor. Such is not the case with Johnson. Here the producer, to be guilty of an attempt, must, at least, believe that an intended performer is a minor, as Johnson did.

We also disagree with the gist of Johnson's argument: that an attempt to entice a person whom the producer believes is a minor, but is in fact (but unbeknownst to the producer) an adult, is constitutionally protected free speech. Child pornography is not entitled to the protection of the First Amendment, *New York v. Ferber*, 458 U.S. 747, 764 (1982), and the Supreme Court has recognized that the protection of children from sexual abuse and exploitation is a particularly compelling interest. *Id.* at 757. ("The prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance."); *cf. Free Speech Coalition,* 535 U.S. at 244 ("The sexual abuse of a child is a most serious crime and an act repugnant to the moral instincts of a decent people"). In light of Congress's (and the states') legitimate interest in combating child pornography, statutes aimed at criminalizing its production are obviously necessary. The need to criminalize conduct where a producer attempts to manufacture pornography using a person he believes to be a minor is also logically necessary. This time Dena was not real, but real minors deserve protection from predators such as Johnson.

While it is true that a sexually explicit conversation between two adults where one adult asks another adult (and where both adults know or believe the other to be an adult) to perform in non-obscene pornography is protected by the

First Amendment, this is not the case here. Nor could it be the case under the terms of the statue. The statute prohibits only an attempt to solicit a person the solicitor believes to be a minor to perform sexually explicit acts. This is prohibited conduct, not protected speech, and as such § 2251 is not overbroad.

### III.

Tery Johnson used the Internet in an attempt to lure a young girl into performing in a pornographic film. He used the Internet to facilitate a meeting with a person he believed, even after his arrest, was a 14-year-old girl. He came to the meeting prepared to film this girl engaging in sexual acts. Fortunately he was wrong—the "young girl" was an undercover police officer. Johnson's conduct remains, however, criminal. Nothing in the First Amendment protects those who would produce child pornography but are caught because their victim turns out to be an undercover police officer. The decisions of the district court are AFFIRMED.

A true Copy:

      Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*