**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 26, 2005
Decided July 11, 2005

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 04-1282

| | |
|---|---|
| DARWIN CALILAP,<br>    *Petitioner*, | On Petition for Review of an Order of<br>the Board of Immigration Appeals. |
| | |
|     *v.* | No. A76-675-725 |
| | |
| ALBERTO R. GONZALES, Attorney<br>General of the United States,<br>    *Respondent*. | |

### O R D E R

Darwin Calilap, a native and citizen of the Philippines, petitions for review of a Board of Immigration Appeals order of removal. The immigration judge determined that Calilap had been convicted in Illinois state court of attempted criminal sexual abuse, that the aim of his attempt was to procure a minor, and that he was removable for committing "attempted sexual abuse of a minor"—an "aggravated felony" under the Immigration and Nationality Act. We agree and deny his petition for review.

Calilap was paroled into the United States in May 1999 and later adjusted his status to lawful permanent resident. About two months after his arrival, an Illinois grand jury charged him with attempted aggravated criminal sexual abuse. 720 ILCS 5/8-4(a), 5/12-16(d). The indictment alleged that Calilap attempted via computer to arrange a sexual tryst with a minor between the ages of 13 and 17 and more than five years his junior, and that Calilap then arrived at the designated time and place to have

sex with that person. Calilap pleaded guilty to the lesser charge of attempted criminal sexual abuse in violation of 720 ILCS 5/12-15(C) and was sentenced to two years' probation. Neither the sentencing order nor anything else in the administrative record identifies the precise statutory basis of his conviction, presumably 720 ILCS 5/8-4, the Illinois statute pertaining to attempts to engage in criminal sexual abuse. See *People v. Walter*, 810 N.E.2d 626, 629-30 (Ill. App. 2004).

In December 2000 the Immigration and Naturalization Service filed a Notice to Appear ("NTA"), charging Calilap with removability based on his conviction of (1) sexual abuse of a minor, an aggravated felony, INA §§ 237(a)(2)(A)(iii), 101(a)(43)(A), 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1101(a)(43)(A), and (2) a crime of child abuse, INA § 237(a)(2)(E)(i), 8 U.S.C. § 1227(a)(2)(E)(i). Significantly, the NTA alleged erroneously that Calilap was convicted of the *completed* crime of sexual abuse. Moreover, the NTA neglected to cite INA § 101 (43)(U), which defines "aggravated felony" to include attempts. As evidence of Calilap's conviction, the government submitted the state court's order sentencing Calilap for attempted criminal sexual abuse and the indictment charging him with attempted aggravated criminal sexual abuse.

Calilap denied that he was convicted of criminal sexual abuse under 720 ILCS 5/12-15(C)—he was actually convicted of an attempt to violate that provision—and denied removability on the basis of a conviction for an aggravated felony or child abuse because his conviction involved not a minor, but an adult police officer posing as a minor.

At a removal hearing, the government informally amended the NTA's principal allegation by inserting the word "Attempted" immediately before "Criminal Sexual Abuse in violation of 720 ILCS 5/12-15(C)." The IJ granted the government leave to amend the NTA formally, but he did not impose a deadline. He also granted Calilap a 40-day continuance in order to reply in writing. The government, however, never amended the principal allegation to refer to the relevant Illinois statutory provision for attempt, nor did it change the aggravated felony charge to include § 101(a)(43)(U).

The IJ concluded that Calilap had committed an aggravated felony and was therefore removable under INA § 237(a)(2)(A)(iii). In reaching this conclusion, the IJ first determined that the sentencing order established Calilap's conviction of an attempt to commit criminal sexual abuse, in violation of 720 ILCS 5/12-15(C). The IJ next found that Calilap's intended victim was a minor, based on the language of the indictment and Calilap's own description of the offense. The IJ then reasoned that Calilap was convicted of an attempt to abuse a minor sexually—an aggravated felony as defined by INA §§ 101(a)(43)(A), 101(a)(43)(U). The IJ's analysis did not discuss the government's failure to amend the aggravated felony charge in the NTA or its failure to cite INA § 101(a)(43)(U), which incorporates attempt into the definition of "aggravated felony." The IJ ordered Calilap removed to the Philippines.

Calilap filed a notice of appeal to the BIA, contesting the finding of removability on two grounds. First, he argued that the IJ erred in finding him removable because the government never formally amended the NTA (1) to allege that he was convicted of attempt or (2) to charge him on that basis with removability. Second, he challenged the IJ's finding that his conviction fell within the class of aggravated felonies as a matter of law. In the brief he subsequently filed with the BIA, Calilap argued only that he had not committed an aggravated felony. He contended that his conviction of attempted criminal sexual abuse was not an attempt under § 101(a)(43)(U) because he "did not complete a substantial step towards abusing a minor...because there was no minor." The BIA "streamlined" the case and without opinion affirmed the IJ's order.

At the outset, the government argued that we lack jurisdiction to review the final order of removal entered against Calilap for committing an "aggravated felony," INA §§ 242(a)(2)(C), 237(a)(2)(A)(iii). Even at the time of oral argument, this position overstated matters. We always retain jurisdiction to determine whether we have jurisdiction—that is, whether Calilap has been convicted of an "aggravated felony" under the INA. *Lara-Ruiz v. INS*, 241 F.3d 934, 939 (7th Cir. 2001). Now, the rule on which the government relied has largely been superseded by a new statute. The REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, 310-311 (2005), amended the judicial review provisions of the INA, which now state that "[n]othing in subparagraph (B) or (C), or in any other provision of this Act (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." *Id.* § 106(a)(1)(A)(iii), amending 8 U.S.C. § 1252(a)(2). Because Calilap has raised questions of law, as opposed to factual disagreements with findings of the IJ or issues relating to discretionary acts, we are now free to review them.

We thus proceed to the merits. Calilap first argues that the IJ erred in finding him removable because the government never properly amended the NTA (1) to allege that he was convicted of *attempted* sexual abuse and (2) to charge him with the aggravated felony of *attempted* sexual abuse of a minor. The government asserts that we lack jurisdiction also over this argument because Calilap did not exhaust his administrative remedy by raising it before the BIA. But Calilap made this argument in his notice of appeal, and in so doing he gave the BIA an adequate opportunity to address the argument, thereby preserving it for appeal. See, e.g., *Wu v. Ashcroft*, 393 F.3d 418, 422 & n.4 (3d Cir. 2005).

Calilap's argument is nonetheless without merit. He points to no regulatory provision that the IJ's informal amendment procedure violated. Moreover, a claim that the informal amendment violated his due process rights would be frivolous. Calilap cannot show that he was prejudiced, because he was present when the IJ granted the government's request to amend the NTA and he received a continuance to respond to the attempt charge. See *Hasanaj v. Ashcroft*, 385 F.3d 780, 785 (7th Cir. 2004) (without

showing prejudice, alien cannot establish that procedures employed by IJ violated due process).

Calilap's sole remaining argument is essentially one of impossibility. He asserts that he did not complete a substantial step by arriving at the designated meeting place because, unbeknownst to him, the "minor" was actually an adult law enforcement officer.

We have already determined that a conviction under 720 ILCS 5/12-15(C), though a misdemeanor, may nonetheless constitute sexual abuse of a minor, which the INA defines for immigration purposes as an aggravated felony. *Guerrero-Perez v. INS*, 242 F.3d 727, 736 (7th Cir. 2001). "Attempt" itself is not defined in the INA, but we have adopted a generic definition that calls for (1) "the intent to commit a crime, and (2) a substantial step towards its commission." *United State v. Martinez-Garcia*, 268 F.3d 460, 465 (7th Cir. 2001). If the absence of an actual minor is what makes completion of the crime impossible, there is no defense to a charge of attempted sexual abuse of a minor under Illinois law. 720 ILCS 5/8-4(b) ("[i]t shall not be a defense to a charge of attempt that because of misapprehension of the circumstances it would have been impossible for the accused to commit the offense attempted"); *People v. Patterson*, 314 Ill. App. 3d 962, 969 (Ill. App. Ct. 2000). Nor is this type of impossibility a defense under an analogous federal statute, 18 U.S.C. § 2422(b), which criminalizes an attempt to entice or induce a minor to engage in sexual activity. *United States v. Meek*, 366 F.3d 705, 717-18 (9th Cir. 2004) (defendant is liable under § 2422(b) when he *believes* he is inducing a minor, even though the object of his inducement is in fact an adult federal agent posing as a minor on the internet); *United States v. Root*, 296 F.3d 1222, 1227 (11th Cir. 2002) (an actual minor victim is not required for attempt conviction under § 2422(b))*; United States v. Farner*, 251 F.3d 510, 512-13 (5th Cir. 2001) (impossibility because "minor" was really adult federal agent posing as a minor on the internet did not relieve defendant of criminal liability); *see also United States v. Johnson*, 376 F.3d 689, 694 (7th Cir. 2004) (an actual minor victim is not required to support a conviction for producing child pornography in violation of 18 U.S.C. § 2251). Calilap has not taken the opportunity to address these cases, which directly apply to his circumstances. Common sense forbids requiring the government to employ actual minors to catch those who would use the internet to lure minors into performing sexual acts.

The petition for review is DENIED.