GET OUTDOORS II, LLC, A Nevada Limited Liability Company, dba Get Outdoors, LLC, in California, Plaintiff—Appellant,

v.

CITY OF LEMON GROVE, Defendant—Appellee.

No. 05–56374.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 6, 2007.

Filed Nov. 1, 2007.

E. Adam Webb, Esq., Webb & Porter, L.L.C., Atlanta, GA, Patrick "Rick" Lund, Esq., The Law Corporation of Patrick Lund, Newport Beach, CA, for Plaintiff–Appellant.

Randal R. Morrison, Esq., Sabine and Morrison, San Diego, CA, for Defendant–Appellee.

Before: HALL and CALLAHAN, Circuit Judges, and STROM *, Senior Judge.

## MEMORANDUM **

Get Outdoors II challenges the denial of its sign permit applications under the City of Lemon Grove's sign regulations. Because the parties are familiar with the facts and proceedings below, we do not recite them here. In a concurrently filed opinion, we lay out the general principles of standing and prior restraint law that control our decision here. *See Get Outdoors II, LLC v. City of San Diego,* 506 F.3d 886 (9th Cir.2007). We affirm.

The applications proposed by Get Outdoors II were denied because they were incomplete but would have also been denied under the City's ban on off-site commercial messages and under the City's size and height regulations on signs. Get Outdoors II has standing to challenge only the provisions that caused its permits to be denied. However, because it has not challenged the size and height restrictions that independently prohibited its proposed signs, we hold it lacks standing to challenge the remainder of the ordinance both substantively and as a prior restraint. *See City of San Diego,* 506 F.3d at 894; *see also Covenant Media of South Carolina, LLC v. City of North Charleston,* 493 F.3d 421, 429–31 (4th Cir.2007); *Prime Media v. City of Brentwood,* 485 F.3d 343, 349–50 (6th Cir.2007); *KH Outdoor, L.L.C. v. Clay County,* 482 F.3d 1299, 1305 (11th Cir.2007); *Advantage Media, L.L.C. v. City of Eden Prairie,* 456 F.3d 793, 799 (8th Cir.2006); *Harp Advertising Illinois, Inc. v. Village of Chicago Ridge,* 9 F.3d 1290, 1292 (7th Cir.1993).

We also note that even if Get Outdoors II had standing to make a facial challenge to the permitting procedure, its claims would be mooted by new provisions setting a 21–day time limit and requiring that all applications be "complete." *See* Lemon Grove Municipal Code § 18.12.090.

Accordingly, the district court's grant of summary judgment to the City is AFFIRMED.

---

* The Honorable Lyle E. Strom, Senior United States District Judge for the District of Nebraska, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.