COVENANT MEDIA OF GEORGIA, LLC, Plaintiff,

v.

CITY OF LAWRENCEVILLE, GEORGIA, and Bradford P. Leonard, in his official capacity as Director of Planning and Zoning, Defendants.

Civil Action No. 1:07–CV–2522–JEC.

United States District Court,
N.D. Georgia,
Atlanta Division.

Sept. 18, 2008.

Edward Adam Webb, Webb & Porter, Matthew C. Klase, The Webb Law Group, LLC, Atlanta, GA, for Plaintiff.

Anthony O.L. Powell, Melody Allen Glouton, Webb, Tanner, Powell, Mertz & Wilson, LLP, Lawrenceville, GA, Dana Kristin Maine, Freeman Mathis & Gary, Paul B. Frickey, Freeman Mathis & Gary, Atlanta, GA, for Defendants.

## ORDER & OPINION

JULIE E. CANES, District Judge.

This case is presently before the Court on defendants' Motion to Dismiss [2]. The Court has reviewed the record and the arguments of the parties and, for the reason's set out below, concludes that defendants' Motion to Dismiss [2] should be **GRANTED.**

## BACKGROUND

Plaintiff is an outdoor advertising company that posts and operates signs in North Georgia. (Compl. [1] at ¶¶ 1, 10.) It has filed this lawsuit in an attempt to address what it perceives as a "real need" for additional advertising signs in the City of Lawrenceville ("the City"). (Id. at ¶ 12.) According to plaintiff, the City is underserved by advertising signs, in part as a result of the City's allegedly unconstitutional sign ordinance. (Id. at ¶ 11.)

The City's sign ordinance creates a comprehensive scheme for regulating the permitting, placement, and operation of signs within the City. (Id. at ¶ 5; Sign Ordi-

nance, attached to Defs.' Mot. to Dismiss [2] at Ex. 4.) The ordinance completely prohibits certain types of signs, such as animated and flashing signs. (Sign Ordinance at § 10.4.) It permits other types of signs within specified zoning districts, but subjects those signs to height, size, and setback requirements. (Id. at §§ 10.5–10.9.)

Of particular relevance to this lawsuit, the ordinance restricts billboard signs to the "LM" and "HM" zoning districts, and requires that they be located in a "fall zone" equal to 133% of the height of the billboard in every direction. (Id. at § 10.9(F).) It also imposes maximum allowable height and size limits on billboards, and requires that every billboard be certified as having met the Gwinnett County Airport Authority's safety requirements. (Id.)

As required by the sign ordinance, plaintiff's representatives submitted nine sign applications to the City in February of 2007. (Compl. [1] at ¶ 15.) All of the applications involved billboards that failed to comply with the ordinance in numerous ways. (Denial Letters, attached to Defs.' Mot. to Dismiss [2] at Ex. 5.) For example, the proposed billboards were not located in the appropriate zoning district, and were at least twice the maximum allowable height and size. (Id.) Further, the billboards did not comply with the fall zone or airport safety certification requirements. (Id.) Accordingly, the City denied plaintiff's sign applications. (Id.)

Following an unsuccessful appeal to the City Board of Zoning Appeals, plaintiff filed this lawsuit.[1] (Compl. [1] at ¶ 1, 17.)

---

1. This is not the first lawsuit that plaintiff's representatives have filed against the City. (Compl. [1] at ¶¶ 5–9.) Plaintiff's owners filed a previous suit challenging the constitutionality of the City's sign ordinance in 2003. (Id. at 316.) That suit was dismissed pending a settlement agreement, which apparently unrav-

eled. (Id. at ¶ 7.) In addition to the present lawsuit, plaintiff has filed a suit to enforce the settlement in Gwinnett County Superior Court. (Id. at ¶ 8.) Plaintiff has indicated that if the City complies with the settlement agreement, or if the Gwinnett County suit is re-

In its complaint, plaintiff contends that the City's sign ordinance violates the United States Constitution because the ordinance: (1) allows City officials unfettered discretion to grant or deny sign permits, and unlimited time in which to rule on applications; and (2) imposes an unconstitutionally prohibitive fee structure. (*Id.* at ¶¶ 22–23, 26, 28, 29, 32.) In support of these claims, plaintiff cites §§ 10.11(A), (B),(D), and (E) of the ordinance. (*Id.*) Plaintiff also contends that the sign ordinance violates the Georgia Constitution because its provisions do not provide for the "least restrictive means" of achieving the City's stated goals in enacting the ordinance. (*Id.* at ¶ 24.) In support of its state claims, plaintiff cites §§ 10.9(F), 10.10(C), and 10.11(B) of the ordinance. (*Id.*)

Defendants have filed a motion to dismiss plaintiff's claims pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Defs.' Mot. to Dismiss [2].) According to defendants, plaintiff lacks standing to pursue the claims asserted in its complaint, and the Court therefore lacks jurisdiction to hear those claims. (*Id.*) Defendants' motion to dismiss is presently before the Court.

### *DISCUSSION*

#### I. Rule 12(b)(1) Standard for Dismissal

■ " 'Federal courts are courts of limited jurisdiction.' " *Federated Mut. Ins. Co. v. McKinnon Motors, LLC,* 329 F.3d 805, 807 (11th Cir.2003)(quoting *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir.1994)). A party invoking federal jurisdiction thus "bears the burden of establishing its existence." *Parker v. Scrap Metal Processors, Inc.,* 386 F.3d 993, 1003 (11th Cir.2004). That party must allege facts sufficient to show jurisdiction and, when the Court's jurisdiction is appropriately challenged, support those facts by compe-

tent evidence. *McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936).

■ As suggested by *McNutt,* the Court may consider evidence outside of the pleadings to determine whether it has jurisdiction. *See Goodman v. Sipos,* 259 F.3d 1327, 1332 (11th Cir.2001) (citing *Smith v. GTE Corp.,* 236 F.3d 1292, 1299 (11th Cir.2001)). To that end, the Court has the power to grant a Rule 12(b)(1) motion on any of three separate bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts." *United States ex rel. McElmurray v. Consol. Gov't of Augusta–Richmond County,* 501 F.3d 1244, 1251 (11th Cir.2007) (citing *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir.1981)). In a case involving disputed facts, however, it may be necessary to provide an opportunity for discovery and a hearing "that is appropriate to the nature of the motion to dismiss." *Id.*

In this case, the Court is able to decide the standing question without resolving any factual disputes. For purposes of this motion, the Court assumes all of the allegations in the complaint are true and construes all facts in favor of plaintiff. Accordingly, discovery and a hearing are not necessary.

#### II. Standing

■ Article III of the United States Constitution limits the subject matter jurisdiction of federal courts to "cases" and "controversies." U.S. Const. Art. III, § 2. The case or controversy requirement prohibits federal courts from issuing advisory opinions on a plaintiff's claim. *CAMP Legal Defense Fund, Inc. v. City of Atlanta,*

solved in plaintiff's favor, plaintiff will dismiss this action. (*Id.* at ¶ 9.)

**1316**

451 F.3d 1257, 1269 (11th Cir.2006). Whether a plaintiff has standing to assert a particular claim is thus a "threshold question in every federal case." *Id.See also KH Outdoor, LLC v. City of Trussville,* 458 F.3d 1261, 1266 (11th Cir.2006) ("It is by now axiomatic that a plaintiff must have standing to invoke the jurisdiction of the federal courts.")

▉▉ "'[T]he irreducible constitutional minimum of standing contains three elements.'" *CAMP,* 451 F.3d at 1269 (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). Those elements include: "'(1) an injury in fact, meaning an injury that is concrete and particularized, and actual or imminent, (2) a causal connection between the injury and the [allegedly unconstitutional] conduct, and (3) a likelihood that the injury will be redressed by a favorable decision.'" *Id.* (quoting *Granite State Outdoor Adver., Inc. v. City of Clearwater,* 351 F.3d 1112, 1116 (11th Cir.2003)). Each element is "'an indispensable part of the plaintiff's case.'" *Id.*[2] Moreover, "standing cannot be 'inferred argumentatively from averments in the pleadings,' but rather 'must affirmatively appear in the record.'" *Id.* at 1276 (quoting *FW/PBS, Inc. v. City of Dallas,* 493 U.S. 215, 231, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990)).

## A. Plaintiff's Federal Claims

Plaintiff claims that the City's sign ordinance: (1) grants City officials unfettered discretion to determine whether and when to grant or deny sign applications; and (2) imposes a prohibitive tax on expressive activity. (Compl. [1] at ¶¶ 22–23, 26, 28, 29, 32.) In support of these claims, plaintiff specifically identifies §§ 10.11(A) and

(E)(allowing City officials to require compliance with unspecified City regulations), § 10.11(B)(requiring a $4000 fee for billboard applications), and § 10.11(D)(giving City officials discretion to delay ruling on an application that is deemed to be incomplete). (*Id.*) According to plaintiff, all of these provisions violate the United States Constitution. (*Id.*)

### 1. Plaintiff's Federal Claims Are Not Redressible.

▉▉ In order for an injury to be redressible, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *KH Outdoor, LLC v. Clay County,* 482 F.3d 1299, 1303 (11th Cir.2007)(citing *Lujan,* 504 U.S. at 561, 112 S.Ct. 2130). Plaintiff's injury is that it cannot erect its proposed billboards. *Id.* To establish redressibility, plaintiff must therefore show that a favorable decision on its federal constitutional claims will allow plaintiff to build its proposed signs. *Id.* at 1303–1304. This plaintiff cannot do.

It is undisputed that all of plaintiff's applications violate numerous provisions of the sign ordinance that are not in any way related to the allegedly unconstitutional discretionary and fee provisions of § 10.11. (*See generally* Pl.'s Resp. [6]; Denial Letters, attached to Defs.' Mot. to Dismiss [2] at Ex. 5.[3]) To name just a few examples, plaintiff's proposed billboards are at least twice the maximum allowable height and size. (*Id.*) None of the billboards are located in appropriately zoned locations or within a required fall zone. (*Id.*) Further, the applications do not contain the re-

---

**2.** The federal judiciary also recognizes a set of prudential standing principles. *CAMP,* 451 F.3d at 1270. The prudential strand of standing is not at issue in this case.

**3.** As mentioned above, the Court is authorized to consider the denial letters, the content of which is undisputed, in ruling on defendants' Rule 12(b)(1) motion. *Goodman,* 259 F.3d at 1332.

quired certification of compliance with airport safety guidelines. (*Id.*)

Plaintiff does not mount a federal constitutional challenge to the height, size, location, and certification provisions of the City's sign ordinance, which its proposed billboards admittedly violate.[4] Instead, plaintiff's federal claims are based entirely on §§ 10.11(A), (B), (D), and (E). (Compl. [1] at ¶¶ 22–23, 26, 28–29, 32.) This creates an insurmountable redressability problem under the Eleventh Circuit's standing jurisprudence, particularly its recent decision in *KH Outdoor, LLC v. Clay County,* 482 F.3d 1299 (11th Cir.2007).

In *KH Outdoor,* the Circuit Court dismissed an outdoor advertiser's constitutional challenge to a county billboard prohibition on redressability grounds, because the advertiser's proposed billboards did not comply with other statutes and regulations that the advertiser had not challenged. *KH Outdoor,* 482 F.3d at 1303. Citing a recent decision from the Eighth Circuit, the Court recognized that:

> '[A] favorable decision for [the advertising company] even with respect to those sign code provisions which were factors in the denial of its permit applications would not allow it to build its proposed signs, for these would still violate other unchallenged provisions' . . .

*Id.* at 1303–1304 (quoting *Advantage Media, LLC v. City of Eden Prairie,* 456 F.3d 793, 801 (8th Cir.2006)). Accordingly, the Court concluded that the advertiser's constitutional claims were not redressible. *Id.*

The *KH Outdoor* decision is the culmination of a "formidable and burgeoning line of cases" in which courts in this circuit and others have dismissed, on redressability grounds, claims that are nearly identical to the claims in this lawsuit.[5] *Bill Salter Adver., Inc. v. City of Brewton,* 486 F.Supp.2d 1314, 1336 (S.D.Ala.2007)("even if the plaintiff succeeded in showing the objected-to provisions of the Ordinance to be unconstitutional, some other provision would preclude it from being able to erect billboards"). *See also Coral Springs St. Sys., Inc. v. City of Sunrise,* 371 F.3d 1320, 1343 (11th Cir.2004) (declining to review challenged provisions of a sign ordinance that were unrelated to the provisions actually responsible for the denial of plaintiff's permit application, as such review would have "utterly no impact on the outcome of th[e] case"). In these cases and others, courts have consistently held that an outdoor advertiser cannot establish redressability where the advertiser does not "allege in its complaint or present evidence that it intend[s] to construct signs that might be permitted" under an alleged-

---

4. Plaintiff suggests that its complaint should be read broadly to encompass such a challenge. (Pl.'s Resp. [6] at 14–19.) The Court disagrees. As the Supreme Court recently explained, Rule 8(a)(2) requires a "plain statement" of plaintiff's claim with "enough heft to 'show that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). Pursuant to *Twombly,* a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. Plaintiff's complaint does not meet *Twombly*'s standard as to the height, size, location, and certification provisions of the City's sign ordinance.

5. In addition to, *Advantage Media,* see *Harp Adver. Ill., Inc. v. Village of Chicago Ridge,* 9 F.3d 1290, 1292 (7th Cir.1993) ("Harp suffers an injury (it can't erect the proposed billboard), but winning the case will not alter that situation.") and *Midwest Media Prop., L.L.C. v. Symmes Twp.,* 503 F.3d 456, 461 (6th Cir.2007)("Having 'chosen not to challenge the size and height regulations and having filed nine applications to post a sign in the township that violated these regulations, plaintiffs cannot tenably show that success in challenging other regulations of the sign ordinance will redress any injury caused by these regulations.'").

ly unconstitutional ordinance. *Advantage Adver., LLC v. City of Hoover,* 200 Fed. Appx. 831, 835 (11th Cir.2006). *See also Lockridge v. City of Oldsmar,* 475 F.Supp.2d 1240, 1249 (M.D.Fla.2007) (recognizing the same principle).

The reasoning in *KH Outdoor,* and the related cases cited above, applies with equal force in this case. Even if the Court were to accept plaintiff's constitutional arguments in their entirety, plaintiff's proposed billboards would still be prohibited by numerous other unchallenged provisions of the sign ordinance. As such, plaintiff cannot show that its federal constitutional claims' are redressible. Accordingly, the Court lacks jurisdiction to hear plaintiff's federal claims, and defendants' motion to dismiss those claims pursuant to Rule 12(b)(1) is **GRANTED**.

### 2. *Plaintiff's Alleged Injury Is Not Causally Related to 10.11(A), (D), or (E).*

With respect to its claims based on §§ 10.11(A), (D), and (E), plaintiff also fails to demonstrate an "injury in fact" that is causally related to the allegedly unconstitutional provisions. In the standing context, an "injury in fact" requires the plaintiff to show that it " '*personally* has suffered some actual or threatened injury.' " *Granite State Outdoor Adver., Inc. v. City of Clearwater,* 351 F.3d 1112, 1116 (11th Cir.2003) (emphasis in original)(quoting *Valley Forge Christian Coll. v. Am. United for Separation of Church and State,* 454 U.S. 464, 472, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982)). The Eleventh Circuit has held that a plaintiff must be injured by the particular provision at issue in order to challenge its constitutionality. *Id.* at 1117 (holding that the plaintiff only had stand-

ing to challenge the particular provision under which its billboard permits were denied). *See also Tanner Adver. Group, L.L.C. v. Fayette County,* 451 F.3d 777, 791 (11th Cir.2006) ("The record fails to establish that [plaintiff] 'has sustained or is immediately in danger of sustaining a direct injury' from [defendant's] prohibition on 'Attention-getting devices.' "). and *CAMP,* 451 F.3d at 1273 (rejecting plaintiff's argument that "injury under one provision is sufficient to confer standing on a plaintiff to challenge all provisions of an allegedly unconstitutional ordinance").

As noted above, plaintiff's injury is the denial of its nine billboard applications. *KH Outdoor,* 482 F.3d at 1303. There is no indication in plaintiff's complaint that the denial was in any way related to the City's application of §§ 10.11(A), (D), or (E) of the sign ordinance. Plaintiff does not allege that the City exercised its discretion to declare the applications incomplete, or that the City denied the applications because plaintiff failed to comply with any unspecified regulations. In fact, it is apparent from the undisputed facts in the record that the City denied plaintiff's applications pursuant to various height, size, location, and certification provisions applicable to billboards under § 10.9(F') of the ordinance, as well as plaintiff's failure to pay the $4000 fee required by § 10.11(B). (Denial Letters, attached to Defs.' Mot. to Dismiss [2] at Ex. 5.)

Plaintiff has not demonstrated that its injury resulted from, or was in any way related to, the City's application of §§ 10.11(A),(D), or (E). Accordingly, plaintiff lacks standing to challenge the constitutionality of these provisions.[6] For this additional reason, defendants' motion

---

6. The City acknowledges that one of its stated reasons for denying plaintiff's applications was the failure to pay the application fee required by § 10.11(B). (Defs.' Br. [2] at 16,

n. 6.) Accordingly, plaintiff has suffered an injury in fact that is causally related to that provision. *KH Outdoor,* 482 F.3d at 1303.

to dismiss as to these particular claims is **GRANTED.**

### B. Plaintiff's State Claims

Defendants contend that plaintiff also lacks standing to assert its state law claims. (Defs.' Br. [2] at 18–20.) When a federal court has dismissed all of the federal claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over any remaining state law claims. *See McCulloch v. PNC Bank, Inc.,* 298 F.3d 1217, 1227 (11th Cir. 2002) (citing 28 U.S.C. § 1367(c)(3)). Indeed, the Supreme Court has directed lower federal courts to avoid "needless decisions of state law," especially when federal claims are dismissed before trial. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Here, the Court has dismissed all of plaintiff's federal claims, and the remaining claims involve relatively complex decisions of state constitutional law. Accordingly, the Court **DISMISSES without prejudice** plaintiff's remaining state law claims.

### *CONCLUSION*

For the foregoing reasons, the Court finds that defendants' Motion to Dismiss [2] should be **GRANTED.**

SO ORDERED.