**COASTAL OUTDOOR ADVERTISING GROUP, LLC, Appellant**

v.

**TOWNSHIP OF EAST HANOVER, NEW JERSEY.**

No. 09–3242.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Sept. 20, 2010.

Opinion Filed: Oct. 14, 2010.

As Amended Nov. 16, 2010.

Anthony Baiamonte, III, Esq., Coastal Outdoor Advertising Group, Kenilworth, NJ, for Appellant.

Township of East Hanover, Morristown, NJ, pro se.

William D. Brinton, Esq., Jacksonville, FL, for Township of East Hanover, New Jersey.

Before: McKEE, Chief Judge, AMBRO and CHAGARES, Circuit Judges.

## OPINION

McKEE, Chief Judge.

We are asked to review the district court's grant of summary judgment in favor of the Township of East Hanover in an action brought by Coastal Outdoor Advertising Group, L.L.C. The court entered summary judgment and dismissed Coastal's complaint after determining that Coastal did not have standing. For the reasons that follow, we will affirm.

### I.

Inasmuch as we are writing primarily for the parties who are familiar with this case, we need not reiterate the factual or procedural background except insofar as may be helpful to our brief discussion. Our review of a grant of summary judgment for lack of standing is *de novo.* *Common Cause of Pa. v. Pennsylvania,* 558 F.3d 249, 257 (3d Cir.2009) (standing); *Levy v. Sterling Holding Co., LLC,* 544 F.3d 493, 501 (3d Cir.2008) (summary judgment).

### II.[1]

The "irreducible minimum" of standing under Article III of the Constitution is: (1)

---

1. As the district court noted, this is the latest in a "burgeoning" line of cases in which a

an injury-in-fact, (2) a causal connection between the injury and the defendant's conduct, and (3) a likelihood that the injury will be redressed by a favorable decision. *Toll Bros., Inc. v. Township of Readington,* 555 F.3d 131, 137–38 (3d Cir.2009). Although the injury-in-fact requirement is often determinative, all prongs of the test must be met to establish standing. *Id.* at 138. Here, the district court correctly determined that, although Coastal had suffered an injury that was traceable to the Township's application of its ordinance, the injury would not be redressable because Coastal could not demonstrate "a substantial likelihood that the requested relief will remedy the alleged injury in fact." *Id.* at 143.

Our review is guided by *Harp Advertising Illinois, Inc. v. Village of Chicago Ridge,* 9 F.3d 1290 (7th Cir.1993). There, a billboard company challenged the village's general off-site advertising ban. However, the proposed billboard also violated the village's size and height restrictions so called secondary restrictions. The court dismissed the case for lack of standing because Harp Advertising could not establish that any relief would satisfy Article III's redressability requirement. The court explained: "An injunction against the portions of the ... codes that [the plaintiff] has challenged would not let it erect the proposed sign; the village could block the sign simply by enforcing another, valid, ordinance already on the books." *Id.* at 1292.[2]

Here, Coastal does not dispute the district court's finding that it did not challenge the secondary restrictions. Thus, the district court correctly concluded that even if the Township's superseded prohibition on billboards were unconstitutional, Coastal would not be "substantially likely" to erect the billboard because the unchallenged setback, use, and height restrictions would still prevent Coastal from erecting its billboards. *See Harp Adver. Ill.,* 9 F.3d at 1292; *Toll Bros., Inc.,* 555 F.3d at 143.

Although the district court realized that we have not yet addressed this precise issue in the context presented here, *Toll Brothers* supports the result. There, we concluded that Toll Brothers could establish standing because "[a] favorable decision, [was] substantially likely to result in construction of Toll Brothers' planned developments." *Toll Bros., Inc.,* 555 F.3d at 143. Given the size and height zoning restrictions that would continue to prevent Coastal from erecting its billboards, that is not the case here. *See The Pitt News v. Fisher,* 215 F.3d 354, 361 (3d Cir.2000) (finding a student-run newspaper's injuries could be redressed because it would "see a dramatic increase in its advertising revenues if [the challenged ordinance] is struck down as unconstitutional.").

Moreover, in *Toll Brothers,* when the development company entered into the option contract and spent money to prepare the land for development, existing zoning regulations permitted the office park that

billboard company seeks to challenge the constitutionality of a local sign ordinance. Several courts of appeals have affirmed the dismissal of cases similar to Coastal's based on the lack of redressability of the plaintiff's injury. *See, e.g., Maverick Media Grp., Inc. v. Hillsborough Cnty., Fla.,* 528 F.3d 817 (11th Cir.2008); *Midwest Media Prop., L.L.C. v. Symmes Twp.,* 503 F.3d 456, 461 (6th Cir. 2007); *Covenant Media of S.C., LLC v. City of*

*North Charleston,* 493 F.3d 421 (4th Cir. 2007); *Prime Media, Inc. v. City of Brentwood,* 485 F.3d 343 (6th Cir.2007).

2. *See also Get Outdoors II, LLC v. City of San Diego,* 506 F.3d 886 (9th Cir.2007) (finding that the billboard company had standing because it explicitly challenged the secondary size and height regulations).

Toll Brothers sought to build. Here, Coastal either knew or should have known that the Township did not permit billboards when Coastal entered into the underlying lease. Furthermore, even if Coastal were unaware of the zoning restrictions then, it was undisputedly aware of them when the engineering firm that it hired provided it with the draft site plan, which was before it applied to the Township for a permit (without requesting a variance). Accordingly, *Toll Brothers*, as well as substantial case law from other courts of appeals, supports the district court's conclusion that Coastal did not meet the redressability requirement for Article III standing.

Coastal nevertheless asserts that its injury—its inability to "exercise its free speech rights by disseminating commercial and noncommercial messages"—is redressable through "equitable relief, damages, and attorneys' fees." In doing so, Coastal does not specifically address the district court's conclusion that its injury was not redressable because secondary zoning restrictions would prohibit construction of its billboard. Rather, Coastal appears to contend that it brings only a facial (rather than an as-applied) challenge to the ordinance, and thus that its injury is redressable through nominal damages. The argument misses the point.

Nominal damages will not alleviate the harm caused by the denial of the application—the prohibition of the billboard. *See Toll Bros., Inc.*, 555 F.3d at 143 (injury redressable because developer would be able to move forward with its development).

Furthermore, as the district court correctly determined, it is by no means certain that Coastal is even eligible for nominal damages because it was aware that its billboard violated several provisions of the Township's Land Use and Zoning Code when it filed its application.[3]

## III.

Accordingly, we will affirm the district court's order dismissing Coastal's complaint because Coastal can not satisfy Article III's standing requirement.[4]

---

**3.** Coastal's reliance on *Advantage Media, L.L.C. v. City of Eden Prairie* is not helpful, as the court there concluded that plaintiff could not establish redressability because its billboards would still violate unchallenged provisions of the sign code like the restrictions on size, height, location, and setback. 456 F.3d 793, 802 (8th Cir.2006) (citing *Harp Adver. Ill.*, 9 F.3d at 1292).

Coastal's reliance on *Riel v. City of Bradford*, 485 F.3d 736 (3d Cir.2007), and *Conc-* 

*hatta Inc. v. Miller*, 458 F.3d 258 (3d Cir. 2006), is also not convincing because neither case addressed the redressability prong of Article III's standing requirement.

**4.** Since we concluded that Coastal does not have standing under Article III, we need not address the Township's claim that Coastal also lacks prudential standing.