[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-11070

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 29, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00214-CV-J-32MCR

KH OUTDOOR, L.L.C.,
DALE P. EGGERS,
MOOREA, INC.,

                                                        Plaintiffs-Appellants,

versus

CLAY COUNTY, FLORIDA,

                                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 29, 2007)**

Before BIRCH and BLACK, Circuit Judges, and MILLS,[*] District Judge.

_____

[*] Honorable Richard Mills, United States District Judge for the Central District of
Illinois, sitting by designation.

BIRCH, Circuit Judge:

In this appeal, we must determine whether the district court properly denied a request for injunctive relief and damages brought by plaintiffs-appellants, KH Outdoor, L.L.C., MooreA, Inc., and Dale P. Eggers against defendant-appellee, Clay County, Florida, after the Board of County Commissioners Zoning Department denied several permit applications to construct billboards in Clay County. The district court dismissed the case, finding that it was moot. We conclude that, although the complaint of KH Outdoor is not moot because KH Outdoor requested damages for the alleged violation, KH Outdoor lacks standing. As a result, we AFFIRM the district court's dismissal of the case.

## I. BACKGROUND

On 1 March 2004, KH Outdoor submitted seven building permit application packets to Cheryl Miller, defendant Clay County's Zoning and Code Enforcement Director. The applications sought permits to erect seven 672 square foot "off-premise signs" on seven different parcels of property within the County. Under "Contractor Name," the building permit application packages listed "Selective Structures." R74, App. 42-48. The accompanying construction-engineering drawings indicated that they were made for structures to be erected in Jacksonville, Florida. Miller did not accept the permits, explaining to KH Outdoor's

2

representative that the Clay County Ordinance 98-7 ("Old Sign Ordinance") prohibited the erection of new billboards. Miller then sent KH Outdoor a letter formally denying the sign permit applications.

KH Outdoor did not administratively appeal the County's rejection of its permit applications. Instead, it filed suit in federal district court on 24 March 2004, pursuant to 42 U.S.C. § 1983, alleging that Clay County's Old Sign Ordinance was an unconstitutional content-based regulation of commercial and non-commercial speech that violated the First and Fourteenth Amendments to the United States Constitution, as well as Florida law. In connection with that action, KH Outdoor also filed a motion for preliminary injunction seeking to enjoin Clay County from enforcing the Old Sign Ordinance and, in effect, to require Clay County to issue the seven billboard sign permits KH Outdoor applied for in March 2004. After a hearing, the district court entered an order denying the motion finding that KH Outdoor had failed to show that it was substantially likely to prevail on the merits of its complaint.

On 25 June 2004, Clay County enacted Ordinance No. 2004-34 ("New Sign Ordinance"), which repealed and replaced the Old Sign Ordinance. KH Outdoor did not apply for a Clay County sign permit following the enactment of the New Sign Ordinance in June 2004.

On 4 February 2005, with leave of the district court, KH Outdoor filed a fifteen count Second Amended Complaint. The Second Amended Complaint added two additional party plaintiffs, MooreA, the owner of one of the parcels of land upon which KH Outdoor had sought a permit to erect a billboard–and with whom KH Outdoor had entered into a lease agreement to do so–and Eggers, MooreA's president.[1] The Second Amended Complaint alleged the same as-applied and facial constitutional challenges to the Old Sign Ordinance that had been alleged in the original complaint.

KH Outdoor filed a motion for partial summary judgment and Clay County filed a motion for summary judgment. The district court dismissed the case for lack of subject matter jurisdiction, and ruled that the motions for summary judgment were moot. The district court found that there was no substantial likelihood of Clay County reenacting the Old Sign Ordinance and no bad faith on the part of Clay County.

The district court found that, even though KH Outdoor challenged numerous Old Sign Ordinance provisions, the provisions that actually caused the denial of the permits were: § 20.7-21(1) and (20) (prohibiting new billboards and off-premise signs); § 20.7-3 (defining off-premise signs); and § 20.7-8 (requiring that an

_____

[1] For simplicity, henceforth we refer to the three plaintiff-appellants collectively as "KH Outdoor."

4

Administrator review a properly completed and submitted permit application within a reasonable time). Section 20.7-21(1) was preserved in the New Sign Ordinance, but the district court found that it was constitutionally firm. Sections 20.7-21(20) and 20.7-3 of the Old Sign Ordinance defined and prohibited off-premise signs, but the New Sign Ordinance did not contain an outright prohibition of off-premise signs and the definition did not on its face prohibit noncommercial speech. As a result, the court found no constitutional infirmity in the New Sign Ordinance's provision that merely defines off-premise signs. Section 20.7-8 of the Old Sign Ordinance, requiring an Administrator to review a sign permit application "within a reasonable time," was replaced in the New Sign Ordinance with a provision requiring an Administrator to review and grant or deny the sign permit application within fifteen calendar days of receipt. As a result, the district court found that the provisions of the Old Sign Ordinance that actually caused the denial of the permit applications either did not survive or "are now (and perhaps always were) constitutionally sound." R97 at 14-17.

The court then ruled that any other constitutionally suspect provisions were severable, and thus KH Outdoor's challenges to the Old Sign Ordinance were moot. The court concluded that its mootness holding precluded KH Outdoor's claim for damages. Finally, the court found no evidence of bad faith or entitlement

5

to equitable estoppel and, concluded that, therefore, KH Outdoor had no vested rights under Florida law with respect to the permits for which it applied under the Old Sign Ordinance. KH Outdoor appealed the district court's order.

## II. STANDARD OF REVIEW

"We review the question of mootness <u>de novo</u>. <u>Tanner Adver. Group, L.L.C. v. Fayette County, Ga.</u>, 451 F.3d 777, 784 (11th Cir. 2006) (<u>en banc</u>) (citation omitted). "We review standing determinations <u>de novo</u>." <u>Id.</u> (citation omitted).

## III. DISCUSSION

A. <u>Mootness</u>

"We exercise our discretion to review the issue of mootness first, followed by the issue of standing." <u>Id.</u> at 785 (citation omitted). "Article III of the Constitution requires that there be a live case or controversy at the time that a federal court decides the case; it is not enough that there may have been a live case or controversy when the case was filed." <u>Id.</u> (citation and internal quotations omitted). "The doctrine of mootness provides that the requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." <u>Id.</u> (citations, alterations, and internal quotations omitted). We have noted that "[o]rdinarily, a challenge to the

constitutionality of a statute is mooted by repeal of the statute." Id. (citation and internal quotations omitted).

KH Outdoors argues that its challenge to the Old Sign Ordinance was not rendered moot by the adoption of the New Sign Ordinance because its second amended complaint included a request for damages. "[W]hen a plaintiff requests damages, as opposed to only declaratory or injunctive relief, changes to or repeal of the challenged ordinance may not necessarily moot the plaintiff's constitutional challenge to that ordinance." Crown Media, LLC v. Gwinnett County, Ga., 380 F.3d 1317, 1325 (11th Cir. 2004) (citation omitted). Here, because KH Outdoor requested damages, the changes made to the ordinance do not moot KH Outdoor's challenge to the Old Sign Ordinance. See Granite State Outdoor Adver., Inc. v. City of Clearwater, Fla., 351 F.3d 1112, 1119 (11th Cir. 2003) ("Clearwater") ("[T]he City argues that Granite State's claims are now moot because Clearwater has revised the Code in accordance with the district court's decision. Because Granite State has requested damages, however, the changes made to the ordinance do not make this case moot."). The district court erred in finding that KH Outdoor's case was moot.

B. Standing

The Constitution of the United States limits the subject matter jurisdiction of

federal courts to "Cases" and "Controversies." U.S. Const., Art. III § 2. "[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S. Ct. 2130, 2136 (1992). A plaintiff who invokes the jurisdiction of a federal court bears the burden of showing "(1) an injury in fact, meaning an injury that is concrete and particularized, and actual or imminent, (2) a causal connection between the injury and the causal conduct, and (3) a likelihood that the injury will be redressed by a favorable decision." Clearwater, 351 F.3d at 1116 (citation and emphasis omitted). Each element is "an indispensable part of the plaintiff's case" and "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." Lujan, 504 U.S. at 561, 112 S. Ct. at 2136 (citation omitted). Also, the plaintiff must satisfy certain prudential principles established by courts. Bennett v. Spear, 520 U.S. 154, 162, 117 S. Ct. 1154, 1161 (1997). These immutable requirements of the Constitution govern KH Outdoor's Second Amended Complaint.

KH Outdoor's "injury" is that it cannot erect its proposed billboards. Clearwater, 351 F.3d at 1117 (finding Granite State suffered injury under the provision of the Clearwater code that denied Granite State's billboard permits).

Moreover, this injury is causally related to the alleged constitutional violations challenged.

Clay County argues that KH Outdoor lacks standing to advance its claims because its injury from the billboard and off-site sign prohibition is not redressible. In order for an injury to be redressible, "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" Lujan, 504 U.S. at 561 (citation omitted).

We find that KH Outdoor has not satisfied the redressability requirement. Any injury KH Outdoor actually suffered from the billboard and offsite sign prohibition is not redressible because the applications failed to meet the requirements of other statutes and regulations not challenged. See Advantage Media, L.L.C. v. City of Eden Prairie, 456 F.3d 793, 801 (8th Cir. 2006) ("[A] favorable decision for [outdoor advertising company] even with respect to those sign code provisions which were factors in the denial of its permit applications would not allow it to build its proposed signs, for these would still violate other unchallenged provisions of the sign code like the restrictions on size, height, location, and setback." (citation omitted)); Harp v. Adver. Ill., Inc., v. Village of Chicago Ride, Ill., 9 F.3d 1290, 1292 (7th Cir. 1993) ("Harp suffers an injury (it can't erect the proposed billboard), but winning the case will not alter that

9

situation.").

Although KH Outdoor alleges in its Second Amended Complaint that it "submitted seven (7) completed sign application packages," R57 at 13, the uncontroverted evidence suggests otherwise.  Even assuming that the seven sign application packages met all the applicable permit application requirements found in the challenged Old Sign Ordinance, the evidence submitted with the parties' motions for summary judgment indicates that the application packages failed to comply with applicable provisions of the Florida Building Code and Florida statutes, which KH Outdoor did not challenge.

The Florida Building Code applies "to the construction [or] erection . . . of every public and private building, structure or facility or . . . any appurtenances connected or attached to such buildings, structures or facilities."  Fl. Bldg. Code § 101.4.2.  Florida Building Code § 104.2.1, regarding "[d]rawings and specifications," provides, in pertinent part, that "two or more copies of specifications, and of drawings drawn to scale with sufficient clarity and detail to indicate the nature and character of the work, shall accompany the application for a permit."  The sign permit applications were not all accompanied by the requisite number of copies of construction-engineering drawings from licensed engineers

drawn for Clay County.[2]  Moreover, Florida Building Code  § 104.2.4 requires that drawings "show the location of the proposed building or structure and of every existing building or structure on the site or lot."  The sign permit applications and accompanying documents submitted to Clay County plainly lacked the required drawings showing every existing structure on the subject sites.

Additionally, KH Outdoor's sign permit applications are not consistent with Florida statutes regarding contracting.  The sign permit applications presented to Clay County listed Selective Structures as the contractor.  Selective Structures was not a licensed building contractor in the state of Florida.  The licensed general contractor here, Richard Nation, did not have the ability, under Chapter 489 of the Florida Statutes, to submit the sign permit applications in the name of an unlicensed contractor.  See § 489.127(4)(a) ("A certified or registered contractor, or contractor authorized by a local construction regulation board to do contracting, may not enter into an agreement, oral or written, whereby his or her certification number or registration number is used, or to be used, by a person who is not certified or registered as provided for in this chapter, or used, or to be used, by a business organization that is not duly qualified as provided for in this chapter to

---

[2]  Additionally, as noted previously, the building permit packages did not have construction-engineering drawings for structures to be erected in Clay County, Florida, but rather, had drawings prepared for Jacksonville, Florida.

11

engage in the business, or act in the capacity, of a contractor."). As a result, a favorable decision, that is, invalidation of the Old Sign Ordinance provisions KH Outdoor challenged, does not mean KH Outdoor would then receive approval of its sign permit applications, because Clay County could block the proposed signs by enforcing other state statutes and regulations not challenged.[3]

As a final matter, because we find KH Outdoor lacks constitutional standing, we cannot reach the merits of its challenges, either as applied or under the overbreadth doctrine, to Clay County's sign ordinance. "[T]he overbreadth doctrine does not relieve a plaintiff of the burden to prove constitutional standing[;]" it is only an exception to one of the prudential requirements. CAMP Legal Def. Fund, Inc. v. City of Atlanta, 451 F.3d 1257, 1270 (11th Cir. 2006); see also Bischoff v. Osceola County, Fla., 222 F.3d 874, 885 (11th Cir. 2000) (analyzing the three constitutional prongs of standing before considering plaintiff's facial challenge under the overbreadth doctrine); Wis. Right to Life, Inc. v. Paradise, 138 F.3d 1183, 1186 (7th Cir. 1998) ("A litigant cannot create a case or controversy just by making an untenable 'facial' attack on a statute; actual injury

---

[3] We note that the Fourth Circuit, in an unpublished decision, reached a similar result. See Trinity Outdoor, L.L.C. v. City of Rockville, Md., 123 Fed. Appx. 101, 104-05 (4th Cir. 2005) (per curiam) (affirming the district court's holding that the billboard company's alleged injuries were not redressable by the remedy it sought, in that the billboard company "was neither registered to do business in Maryland nor licensed to engage in the outdoor advertising business in that State").

and redressability are essential no matter how the challenge is cast.").

## IV. CONCLUSION

Here, a favorable decision for KH Outdoor with respect to the sign code provisions challenged would not allow it to build its proposed signs, because the sign permit applications failed to meet other statutes and regulations that were not challenged. Because we find the appellants, KH Outdoor, L.L.C., MooreA, Inc., and Dale P. Eggers, lack standing, the district court's order dismissing the Second Amended Complaint for lack of jurisdiction is **AFFIRMED**.