[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 7, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-11442

_____

D. C. Docket No. 03-01246-CV-T-27-EAJ

BILL LOCKRIDGE,
d.b.a. LOA Outdoor Advertising,
d.b.a. Lockridge Outdoor Advertising Agency,

Plaintiff-Appellant,

versus

CITY OF OLDSMAR,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(April 7, 2008)**

Before EDMONDSON, Chief Judge, HILL and ALARCÓN,[*] Circuit Judges.

_____

[*] Honorable Arthur L. Alarcón, United States Circuit Judge for the Ninth Circuit, sitting by designation.

PER CURIAM:

Appellant Bill Lockridge appeals the District Court's order granting Appellee the City of Oldsmar's ("the City") motion for summary judgment. Mr. Lockridge's claims arose out of the City's denial of his applications for permission to erect nine commercial billboards. We have jurisdiction pursuant to 28 U.S.C. § 1291.

Since 1951, the City of Oldsmar, Florida has banned commercial billboards. In 2003, when Mr. Lockridge submitted his applications, the City's Land Development Code expressly prohibited billboard signs. *See* City of Oldsmar Land Development Code Article 13 ("Sign Ordinance") § 13.3.3(3).[1] The City denied Mr. Lockridge's applications pursuant to Section 13.3.3(3).

Mr. Lockridge's June 13, 2003 complaint alleged that several sections of the Sign Ordinance, including Section 13.3.3(3), constituted content-based restrictions on speech. He also alleged that the Sign Ordinance "vests impermissible discretion in government officials," and "favor[s] commercial speech over noncommercial speech." The complaint sought invalidation of the Sign Ordinance in its entirety. The complaint also requested injunctive relief, and an award of damages pursuant to 42 U.S.C. § 1983.

---

[1] Article 13 contains the City's sign regulations.

On September 27, 2005, the District Court granted Mr. Lockridge's partial motion for summary judgment, and denied the City's motion for summary judgment. The District Court concluded that Mr. Lockridge had standing to: (1) challenge Section 13.3.3(3) of the Sign Ordinance, and (2) assert a facial challenge to the entire ordinance. Although the District Court concluded that Mr. Lockridge could not assert a claim for injunctive relief,[2] it found that the Sign Ordinance was unconstitutionally content-based, and that as a result, Mr. Lockridge was entitled to damages.

On reconsideration, the District Court denied Mr. Lockridge's motion, and granted the City's. The District Court concluded that this Circuit's decision in *CAMP Legal Defense Fund v. City of Atlanta*, 451 F.3d 1257 (11th Cir. 2006) required a finding that Mr. Lockridge only had standing to challenge Section 13.3.3(3) of the ordinance, and that he could not assert a facial challenge to the Sign Ordinance in its entirety. The District Court concluded that Section 13.3.3(3) was constitutional; that finding precluded Mr. Lockridge's damages claim. The District Court left intact its finding that Mr. Lockridge could not assert a claim for injunctive relief.

---

[2] The ordinance in effect at the time Mr. Lockridge filed his permit applications was repealed and amended on June 15, 2004, before the District Court heard the parties' motions for summary judgment. Mr. Lockridge's complaint challenged only the version of the ordinance in effect at the time his applications were denied.

## I

Both summary judgment rulings and standing determinations are reviewed *de novo*. *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005).

Mr. Lockridge raises three arguments on appeal. First, he contends that the District Court erred in concluding that Section 13.3.3(3) was constitutional. Next, he argues that the District Court erred in concluding that he lacked standing to assert a facial challenge to the Sign Ordinance as a whole. Third, he contends that the District Court erred in concluding that his could not assert a claim for injunctive relief.

The City contends that none of Mr. Lockridge's arguments require reversal. Additionally, it contends that Mr. Lockridge lacks standing to challenge the allegedly unconstitutional portions of the Sign Ordinance because his alleged injury is not redressible. In particular, it argues that the signs Mr. Lockridge sought to erect violated the City's applicable height and size regulations, which Mr. Lockridge did not expressly challenge. That is, even if the provisions Mr. Lockridge did challenge were stricken, he would still be unable to erect his billboards because the height and size regulations would remain in place.

## A

Article III standing requires that a plaintiff suffer an injury in fact that is

both causally connected to the conduct complained of and redressible by a favorable decision of the court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). An injury suffered as a result of an unconstitutional sign regulation is not redressible if the plaintiff's sign applications could be denied on the basis of "the requirements of other . . . regulations not challenged." *KH Outdoor, L.L.C. v. Clay County*, 482 F.3d 1299, 1303 (11th Cir. 2007).

Mr. Lockridge's complaint does not challenge those portions of the City's sign regulations that establish height and size limitations for signs in industrial and commercial zones.[3] Mr. Lockridge sought to erect signs in those zones; therefore, his signs would necessarily have to conform to those zones' applicable height and size regulations. All of Mr. Lockridge's proposed structures exceeded the maximum height and size limits for signs in industrial and commercial zones.

---

[3] The *KH Outdoor* redressability analysis defeats claims like the ones brought in this case if a city could deny a billboard application on an alternative provision of its sign ordinance which the plaintiff's complaint does not challenge. An unchallenged provision cannot be said to cause an alleged injury. Here, Mr. Lockridge's complaint sought invalidation of the Sign Ordinance in its entirety. However, we will not conclude that he challenged every one of its sections, including those pertaining to height and size restrictions. Mr. Lockridge challenged the ordinance as a whole because he assumed that the constitutionally invalid portions were "inseparable" from the constitutional parts. *See*, *e.g.*, *Complaint* at 24. This assumption was erroneous. *See* Sign Ordinance § 13.7.1.2. ("If any section . . . is for any reason held to be invalid or unconstitutional . . . such decision shall not effect the validity of the remaining portions of this Article or the Land Development Code."). Mr. Lockridge's injury was caused by sections of the Sign Ordinance he challenged expressly, not those he happened to challenge as a result of an inaccurate severability contention.

Decl. of Bruce Haddock[4] at 7-9 (App. 8 to the City's Mot. for Summ. J.).

Invalidation of Section 13.3.3(3) would not redress Mr. Lockridge's injury because

the City could still deny his applications on an alternative, unchallenged ground.

As a result, Mr. Lockridge has not satisfied the redressability requirement.[5]

Mr. Lockridge does not contend that the billboards he sought to erect

complied with the City's size and height regulations.  Rather, he argues that the

City cannot raise a height and size-related standing challenge for the first time on

appeal.  However, whether this argument was raised below is immaterial.  Standing

is "'perhaps the most important' jurisdictional doctrine."  *Bochese*, 405 F.3d at 974

(citation omitted).  It is a jurisdictional requirement that "'involves the court's

competency to consider a given type of case,'" and therefore "'cannot be waived or

otherwise conferred upon the court by the parties.'"  *Id.* at 975 (citation omitted).

"[W]e are obliged to consider questions of standing regardless of whether the

parties have raised them."  *Id.*

---

[4] At the time Mr. Lockridge's complaint was filed, Haddock served as the City's City Manager.

[5] This approach is one endorsed by at least two of our Sister Circuits.  *See, e.g.*, *Midwest Media Prop., LLC v. Symmes Twp.*, 503 F.3d 456, 464 (6th Cir. 2007) (finding that "[a]ll of the signs plaintiffs sought to erect violated Symmes Township's size and height requirements, and they have not provided us with any facts showing that they intend to display signs that comply with these provisions;" as a result, plaintiffs have suffered no cognizable injury, and "lack standing to mount an attack on the township's sign regulations--whether under the overbreadth doctrine or under any other doctrine"); *Get Outdoors II, LLC v. City of San Diego*, 506 F.3d 886, 893 (9th Cir. 2007) (endorsing our approach in *KH Outdoor*, so long as standing is defeated as a result of an *unchallenged* secondary restriction, such as one based on height or size).

6

**B**

Mr. Lockridge also contends that the City's standing requirement arguments are "post-hoc rationalizations." To the extent that this argument asserts that the City cannot challenge standing based on grounds not raised in its initial denials of Mr. Lockridge's applications, we reject it.

*KH Outdoor* is again on point. There, the plaintiff submitted building applications that were rejected because of a city ordinance that "prohibited the erection of new billboards." *KH Outdoor*, 482 F.3d at 1301. This Court found that the plaintiff lacked standing as a result of its failure to comply with certain Florida statutes. Although the city defendant did not initially cite to state statutes when it rejected the billboard applications, the parties' motions for summary addressed the statutes' applicability. *Id.* at 1301-04. This Court was persuaded that redressability was lacking because "a favorable decision, that is, invalidation of the Old Sign Ordinance provisions KH Outdoor challenged, did not mean KH Outdoor would then receive approval of its sign permit applications, because Clay County *could* block the proposed signs by enforcing other state statutes and regulations not challenged." *Id.* at 1304 (emphasis added). Therefore, that the City did not deny Mr. Lockridge's applications on the basis of height and size is not dispositive. Because it could have, Mr. Lockridge's injuries are not redressible.

7

## C

Because we conclude that Mr. Lockridge lacks standing, we cannot reach the merits of his constitutional challenge to Section 13.3.3(3). *See id.* at 1305 ("[B]ecause we find KH Outdoor lacks constitutional standing, we cannot reach the merits of its challenges."); *Coral Springs St. Sys. v. City of Sunrise*, 371 F.3d 1320, 1347 (11th Cir. 2004) (explaining that our pronouncements on allegedly unconstitutional aspects of a sign code would be "essentially advisory in nature" when "the result of th[e] inquiry could have no effect on the result").[6]

We **AFFIRM** the District Court's summary judgment in favor of the City of Oldsmar.

---

[6] Mr. Lockridge raises an overbreadth argument. However, this strategy does not overcome his failure to satisfy all constitutional standing requirements. *See CAMP Legal Def. Fund, Inc.*, 451 F.3d at 1270 (explaining that overbreadth "is an exception to the prudential standing prohibition against *jus tertii* claims," but not the constitutional standing requirements).