[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-13897
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 05, 2009
THOMAS K. KAHN
CLERK

D.C. Docket No. 06-00224-CV-W-E

MACON COUNTY INVESTMENTS, INC.,
REACH ONE, TEACH ONE OF AMERICA, INC.,

Plaintiffs-Appellants,

versus

DAVID WARREN, Sheriff, in his official capacity
as the Sheriff of Macon County, Alabama,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(January 5, 2009)**

Before BIRCH, HULL and COX, Circuit Judges.

PER CURIAM:

Macon County Investments, Inc. and Reach One, Teach One of America, Inc. filed a joint application for a Class B Bingo License in Macon County, Alabama. Sheriff David Warren of Macon County never responded to the application. Macon County Investments, Inc. and Reach One, Teach One of America sued Sheriff Warren seeking declaratory and injunctive relief. Specifically, Plaintiffs sought an injunction prohibiting Sheriff Warren from granting Bingo licenses using the "First Amended and Restated Rules and Regulations for the Licensing and Operation of Bingo Games in Macon County, Alabama" (First Amended Rules) and the "Second Amended and Restated Rules and Regulations" (Second Amended Rules). Plaintiffs also sought to compel Sheriff Warren to grant them a Class B Bingo License under the original "Rules and Regulations for the Licensing and Operation of Bingo Games in Macon County" (2003 Rules). Additionally, Plaintiffs sought declaratory relief stating that their equal protection rights had been violated and attorney's fees.

The district court granted summary judgment to Sheriff Warren on the ground that Plaintiffs lacked standing. Specifically, Plaintiffs did not challenge the original 2003 Rules covering the administration of Bingo Licenses. Because Plaintiffs do not meet the requirements for a Class B Bingo License under the 2003 Rules, the district court concluded that the relief Plaintiffs sought would not redress their injury.

Plaintiffs made a motion to reconsider the grant of summary judgment, arguing that summary judgment was improperly granted since Plaintiffs did have standing. The district court denied this motion. Plaintiffs contend that they did challenge the 2003 Rules in their suit and that, even if they did not, there was evidence in the record that they substantially complied with the requirements of the 2003 Rules.[1]

The district court did not err in granting summary judgment. First, the district court correctly concluded that Plaintiffs only challenged the First and Second Amended Rules. Plaintiffs' argument that they sought to challenge the original 2003 Rules because they are incorporated by reference into the First and Second Amended Rules is without merit. The relief requested in Plaintiffs' Amended Complaint seeks an injunction against "operating under the First or Second Amended Rules." (R.1-20 at 6.) Indeed, Plaintiffs' Amended Complaint alleges an equal protection violation grounded on the fact that Plaintiffs, as applicants under the Second Amended Rules, were not treated in the same manner as applicants under the 2003 Rules. (R.1-20 at 5.) Plaintiffs clearly sought to challenge only the First and Second Amended Rules, and leave in place the 2003 Rules.

---

[1]Plaintiffs also argue Sheriff Warren exceeded his rule-making authority in establishing a bingo monopoly and that the district court erred in stating that Reach One, Teach One was not an active charity in good standing. These arguments are irrelevant to the issue of standing argued in the motion for reconsideration and now before us in this appeal.

Second, the district court correctly concluded that Plaintiffs did not satisfy the requirements of the original 2003 Rules. The undisputed evidence in the record shows that Plaintiffs did not submit personal data sheets for each of Reach One, Teach One's officers and directors. (R. 2-59 Ex. 2 at 197: 3-8).[2] This information is required under the 2003 Rules as well as the First and Second Amended Rules. Accordingly, even if the district court grants Plaintiffs the injunctive relief they seek, Plaintiffs still do not qualify for a Class B Bingo License under the unchallenged 2003 Rules. Under these facts, Plaintiffs lack standing because the relief they seek will not redress the injury they complain of. *See KH Outdoor, L.L.C. v. Clay County*, 482 F.3d 1299, 1303-1304 (11th Cir. 2007) (no standing where application denied on account of challenged regulation would also be denied based on regulations not challenged in suit).

AFFIRMED.

---

[2] Additionally, Plaintiffs' application does not meet many of the other requirements under the 2003 Rules. (R.2-59 Ex. 4 at 6-7.)