[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 1, 2009
THOMAS K. KAHN
CLERK

No. 08-14431
Non-Argument Calendar
_____

D. C. Docket No. 08-00142-CV-ORL-28-GJK

UNITED STATES OF AMERICA,

Petitioner-Appellee,

versus

RUSSELL GENTILE,

Respondent-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 1, 2009)

Before BIRCH, HULL and FAY, Circuit Judges.

PER CURIAM:

Russell Gentile appeals the district court's order denying his motion to vacate, brought pursuant to Fed.R.Civ.P. 60(b)(4). Gentile's motion sought vacatur of the district court's underlying order granting the government's petition for approval of a levy on Gentile's primary residence, pursuant to Internal Revenue Code ("I.R.C.") § 6334(e)(1). For the reasons set forth below, we affirm.

## I.

The government filed a petition for judicial approval of a levy upon Gentile's primary residence, pursuant to § 6334(e)(1), for the purposes of collecting $144,551.76 in unpaid federal taxes from 2000 and 2001. Section 6334 governs what assets are exempt from levies for tax collection purposes. Pursuant to § 6334(e)(1), "a principal residence shall not be exempt from levy if a judge or magistrate of a district court of the United States approves (in writing) the levy of such residence." The government attached the declaration of Internal Revenue Service ("IRS") officer Daniel Haber. Haber declared that (1) he had reviewed applicable IRS records and determined that Gentile owed $144,551.76; (2) the IRS gave Gentile notice, and demanded payment, of the liability, but Gentile failed to pay; (3) the IRS had attempted to satisfy the liability from assets besides Gentile's private residence, but had found that no reasonable alternative existed; and (4) the IRS generally had followed the requirements of applicable law and relevant

2

administrative procedures. Gentile filed a motion to dismiss the government's petition for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6), on the ground that the government had not established the essential elements of unpaid federal income tax liabilities because the taxes demanded were an unconstitutional direct tax on his earnings. The district court held a hearing and received exhibits. Gentile objected to the exhibits on the ground that they did not demonstrate that the taxes demanded were constitutional. On February 15, 2008, the district court entered an order granting the government's petition for approval.

Three months later, on May 16, 2008, Gentile filed the instant motion to vacate, pursuant to Rule 60(b)(4), on the ground that the order was void because the district court had acted inconsistently with due process of law. Gentile asserted that the demanded taxes were unconstitutional. The government responded that this Court had long ago dismissed arguments such as Gentile's that were based on the unconstitutionality of the federal income tax. On June 16, 2008, the district court denied Gentile's Rule 60(b) motion to vacate. On July 31, 2008, Gentile filed a notice of appeal ("NOA") from this denial.

## II.

As an initial matter, the scope of our review is limited to the district court's denial of Gentile's Rule 60(b) motion to vacate. Gentile filed his NOA more than

3

60 days after the district court's entry of the February 15, 2008 order granting the government's petition for approval. See Fed.R.Civ.P. 4(a)(1)(B) ("When the United States or its officer or agency is a party, [an NOA] may be filed by any party within 60 days after the judgment or order appealed from is entered.") Gentile's Rule 60(b) motion to vacate, moreover, did not toll the time for filing the NOA because the Rule 60(b) motion was filed more than 10 days after the district court granted the government's petition for approval on February 15, 2008. See Fed.R.Civ.P. 4(a)(4)(A)(vi) (instructing that a Rule 60 motion that is filed no later than ten days after the judgment is entered tolls the running of the 60-day time for filing an NOA). Therefore, the instant appeal is untimely as to the underlying order granting the petition for approval. See Fed.R.Civ.P. 4(a)(1)(B). Moreover, review of the denial of Gentile's Rule 60(b) motion to vacate does not give us authority to review the grant of the government's petition for approval. See Am. Bankers Ins. Co. of Florida v. Northwestern Nat'l Ins. Co., 198 F.3d 1332, 1338 (11th Cir. 1999) (holding that appeal from a denial of a Rule 60(b) motion to vacate is "narrow in scope" and must address only the propriety of denying the Rule 60(b) motion to vacate and not the underlying judgment).

**III.**

We review de novo a district court's denial of a Rule 60(b)(4) motion to

4

vacate on the ground of voidness. Burke v. Smith, 252 F.3d 1260, 1263 (11th Cir. 2001). Pursuant to Rule 60(b), the district court "may relieve a party or its legal representative from a final judgment, order, or proceeding" if, inter alia, "the judgment is void." Fed.R.Civ.P. 60(b)(4). "Generally, a judgment is void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." Burke, 252 F.3d at 1263 (internal quotation marks omitted). We have held that "Rule 60(b) may not be used to challenge mistakes of law which could have been raised on direct appeal." Am. Bankers Ins. Co. of Florida, 198 F.3d at 1338. As to subject matter jurisdiction, "a plaintiff who invokes the jurisdiction of a federal court bears the burden of showing (1) an injury in fact, meaning an injury that is concrete and particularized, and actual or imminent, (2) a causal connection between the injury and the causal conduct, and (3) a likelihood that the injury will be redressed by a favorable decision." KH Outdoor, L.L.C. v. Clay County, Fla., 482 F.3d 1299, 1303 (11th Cir. 2007). As to due process, the Due Process Clause generally requires notice and an opportunity to be heard. Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 313-14, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950).

## IV.

5

The district court did not err in denying Gentile's Rule 60(b) motion to vacate on the ground of voidness. See Burke, 252 F.3d at 1263. Gentile argues that the grant of the government's petition for approval was void because (1) the district court denied him due process by failing to consider his arguments on the constitutionality of the demanded taxes, (2) the district court lacked subject matter jurisdiction because the government had failed to establish an actual injury, and (3) the demanded taxes were unconstitutional. First, the district court did not violate Gentile's due process rights. Haber in his declaration stated that the IRS gave Gentile notice of the intended levy, and the record demonstrates that the district court held a hearing on the matter. Gentile has not challenged this evidence. Thus, Gentile received notice and an opportunity to be heard. See Mullane, 339 U.S. at 313-14, 70 S.Ct. at 657. Gentile repeatedly argued, in his Rule 12(b)(6) motion to dismiss and in objecting to the government's exhibits, that the taxes demanded were unconstitutional direct taxes on his earnings. Although he argues as much, Gentle has not demonstrated that the district court did not take into account these arguments.

Also, the available record demonstrates that the district court had subject matter jurisdiction. Haber stated that he had reviewed applicable IRS records and determined that Gentile owed $144,551.76. Thus, the government showed that it

6

suffered an actual injury, and the district court had subject matter jurisdiction. See KH Outdoor, L.L.C., 482 F.3d at 1303. Although he argues that the government's showing was insufficient because it did not cite specific tax code provisions or explain how the assessments constituted indirect taxes in assessing his tax liabilities, Gentile has not presented evidence that the government's notice of tax liabilities did not include this information or how the absence of such information establishes that the government did not suffer an injury in fact.

Finally, Gentile's arguments regarding the constitutionality of the demanded taxes were not properly brought in his Rule 60(b) motion to vacate, as they should have been made on direct appeal. See Am. Bankers Ins. Co. of Florida, 198 F.3d at 1338. Thus, we need not consider these arguments. Accordingly, because Gentile has not demonstrated that he did not receive due process or the district court did not have subject matter jurisdiction, we affirm.

**AFFIRMED.**