[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11333
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 4, 2012
JOHN LEY
CLERK

D.C. Docket No. 6:09-cv-02095-PCF-KRS

SHIRLEY F. SANTILLANA,

                                                            Plaintiff-Appellant,

versus

FLORIDA STATE COURT SYSTEM,
EIGHTEENTH JUDICIAL CIRCUIT
SEMINOLE COUNTY COURTS,
et al.,

                                                            Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 4, 2012)

Before HULL, PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Shirley F. Santillana, a white female, appeals the district court's grant of summary judgment to Wayne Fountain, Clayton Simmons, and Sue Block (collectively, "Defendants"), as to her employment discrimination claims under 42 U.S.C §§ 1983, 1985(3).[1] On appeal, Santillana argues that she presented adequate circumstantial evidence to show a prima facie case of race discrimination, including that Defendants treated a similarly situated employee outside her protected class more favorably. In addition, Santillana maintains that the individual defendants' articulated reasons for terminating her, namely that she lacked the necessary computer and management skills for her position, were not legitimate and were a pretext for reverse race discrimination because Defendants

---

[1]    Defendants argue that Santillana fails to raise on appeal the district court's finding that they were entitled to qualified immunity, thereby rendering her appeal nonjusticiable because her alleged injury would not be redressed by a favorable decision. See KH Outdoor, L.L.C. v. Clay Cnty., 482 F.3d 1299, 1303 (11th Cir. 2007). However, Santillana's initial brief repeatedly attacks the district court's reasoning underlying its finding of qualified immunity, namely that Defendants had not violated the clearly established right to be free from employment discrimination on the basis of race. See Santillana v. Fla. Court Sys., No. 6:09-cv-2095-Orl-19KRS, slip op. at 52-53 (M.D. Fla. Feb. 23, 2011); see also Rioux v. City of Atlanta, 520 F.3d 1269, 1283 (11th Cir. 2008). She therefore at least minimally attacks the district court's grant of qualified immunity. "Briefs are read liberally to ascertain the issues raised on appeal." Fed. Sav. & Loan Ins. Corp. v. Haralson, 813 F.2d 370, 374 n.3 (11th Cir. 1987). The case for waiver is especially weak where Defendants "cannot claim that [they were] not aware of the issues in this appeal or that [they were] hampered in [their] ability to respond." Id.

opted to terminate her rather than face a retaliatory lawsuit from her subordinate, Karen Colbert, an African American employee. Lastly, Santillana argues that Defendants acted in concert to fabricate pretextual charges to justify her termination, in violation of 42 U.S.C. § 1985(3).

We review a district court's grant of summary judgment de novo, viewing all evidence and drawing all reasonable inferences in favor of the nonmoving party. Chapman v. AI Transport, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc). We may affirm the grant of summary judgment "on any legal ground, regardless of the grounds addressed and relied upon by the district court." Cuddeback v. Florida Bd. of Educ., 381 F.3d 1230, 1235 (11th Cir. 2004).

Summary judgment is appropriate where the moving parties demonstrate, through pleadings, interrogatories, and admissions, together with affidavits, if any, that no genuine issue of material fact exists, and they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c). "A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." Chapman, 229 F.3d at 1023. "A mere scintilla of evidence in support of the nonmoving party will not suffice to overcome a motion for summary judgment." Young v. City of Palm Bay, 358 F.3d 859, 860 (11th Cir. 2004).

In order to prevail under § 1983, a plaintiff must show that she was "deprived of a federal right by a person acting under color of state law." Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001). In the context of public employment, we have held that the constitutional right to be free from employment discrimination on the basis of race is clearly established. Rioux v. City of Atlanta, 520 F.3d 1269, 1283 (11th Cir. 2008).

In the employment context, § 1983 contains the same elements of proof and analytical framework as a Title VII claim made under 42 U.S.C. § 2000e-2. Rice-Lamar v. City of Fort Lauderdale, 232 F.3d 836, 843 n.11 (11th Cir. 2000). Title VII provides that it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C. § 2000e-2(a)(1). "A plaintiff in a Title VII action may attempt to show this discrimination by offering either direct or circumstantial evidence." Schoenfeld v. Babbitt, 168 F.3d 1257, 1266 (11th Cir. 1999).

There is no direct evidence in this case. Where an employee attempts to prove discriminatory intent by circumstantial evidence, the claims are subject to the methods of proof set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93

4

S. Ct. 1817 (1973). See Maynard v. Bd. of Regents, 342 F.3d 1281, 1289 (11th Cir. 2003). Under McDonnell Douglas, the plaintiff bears the initial burden of presenting sufficient evidence to satisfy the elements of her prima facie case. McDonnell Douglas, 411 U.S. at 802, 93 S. Ct. at 1824. If a prima facie case is established, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the employment decision. Id. at 802-03, 93 S. Ct. at 1824. If articulated, the plaintiff must show that the defendant's reason was pretextual. Id. at 804, 93 S. Ct. at 1825. Finally, where appropriate, "reverse discrimination" claims will be analyzed the same as any race discrimination claim. Bass v. Bd. of Cnty. Comm'rs, 256 F.3d 1095, 1102-03 (11th Cir. 2001).

I.

As set out by the district court, a plaintiff can establish a prima facie case of race discrimination by showing that: (1) she was a member of a protected class, (2) she was subject to an adverse employment action, (3) her employer treated similarly situated employees who were not members of her protected class more favorably, and (4) she was qualified to do the job.[2] Burke-Fowler v. Orange Cnty., 447 F.3d

---

[2] Santillana's brief cites an alternate version of disparate treatment analysis, wherein one element is that the plaintiff was replaced by someone "outside the protected class." See Hawkins v. Ceco Corp., 883 F.2d 977, 982 (11th Cir. 1989). Santillana clearly fails this standard because she was replaced by Melissa Notaro, who is also white.

5

1319, 1323 (11th Cir. 2006).

Santillana strongly disputes the legitimacy of Defendant's claims that she lacked the computer skills to be qualified for her job, but even assuming arguendo that she was qualified, she has not shown that her comparator was similarly situated. To establish that a defendant treated similarly situated employees more favorably, a plaintiff must show that her comparators are "similarly situated in all relevant aspects." Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997). Employees are "similarly situated" if they are involved in the same or similar misconduct but are disciplined in different ways. Rioux, 520 F.3d at 1280.

Even assuming Santillana is correct in arguing that she and Colbert were functionally equal in terms of job duties (which we doubt), they still engaged in different misconduct. Santillana's position was allegedly terminated because she had difficulty managing employees and had insufficient computer skills, but Colbert was alleged to have been a challenge to work with and had incorrectly filled out time sheets. Colbert was not sufficiently similar to be used as a comparator, which means that Santillana cannot establish a prima facie case under § 1983. See Burke-Fowler, 447 F.3d at 1323. Accordingly, the district court properly dismissed this claim.

II.

6

To establish a violation of 42 U.S.C. § 1985(3), a plaintiff must show: (1) a conspiracy; (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) resulting in an injury to person or property, or a deprivation of any right or privilege of a citizen of the United States. Childree v. UAP/GA AG CHEM, Inc., 92 F.3d 1140, 1146-47 (11th Cir. 1996). To prove the second element, the plaintiff must show that the deprivation of rights or privileges occurred as a result of "some racial, or . . . otherwise class-based, invidiously discriminatory animus behind the conspirators' actions." Id. at 1147 (quotations omitted). However, conclusory allegations of discrimination and conspiracy, without more, are not sufficient to support a § 1985 claim. Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984).

As the district court found, the only evidence supporting Santillana's allegations that her termination resulted from Defendants' fear that disciplining Colbert would result in a retaliatory race discrimination suit was a single remark by Fountain that Santillana should "deal with" Colbert's problems because Fountain did not want "any more complaints or an investigation." Santillana presents no evidence that Colbert had previously filed race-based complaints, and Santillana admitted that she never heard Defendants discuss race at all. "The

7

employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason." Nix v. WLCY Radio/Rahall Commc'ns, 738 F.2d 1181, 1187 (11th Cir. 1984). Even viewing the facts in the light most favorable to Santillana, she failed to put forward anything more than conclusory race-based allegations of why Colbert was kept and why Santillana was terminated.[3]

Santillana argues that she lost her job because she refused to give in to her subordinate's strong will, but our concern is not "whether employment decisions are prudent or fair. Instead, our sole concern is whether unlawful discriminatory animus motivates a challenged employment decision." Damon v. Fleming Supermarkets of Fla., Inc., 196 F.3d 1354, 1361 (11th Cir. 1999). Since Santillana has not produced evidence that race was a motivation in firing her or in keeping Colbert, we affirm.

AFFIRMED.[4]

---

[3] Accordingly, we need not address Santillana's disagreement with the district court's alternative holding that the conspiracy claim was barred by the intracorporate conspiracy doctrine. See Dickerson v. Alachua Cnty. Comm'n, 200 F.3d 761, 767-70 (11th Cir. 2000).

[4] Santillana's request for oral argument is DENIED.