[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11086
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-02606-TWT


TOKYO GWINNETT, LLC,
d.b.a. Tokyo Valentino,

                                                            Plaintiff-Appellant,

versus

GWINNETT COUNTY, GEORGIA,

                                                            Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 28, 2016)

Before ED CARNES, Chief Judge, WILLIAM PRYOR, and FAY, Circuit Judges.

PER CURIAM:

Tokyo Gwinnett, LLC, doing business as Tokyo Valentino, filed this action in the Northern District of Georgia claiming that certain business licensing and adult entertainment ordinances in Gwinnett County violated its rights under the First Amendment's Free Speech Clause and the Fourteenth Amendment's Due Process Clause. It sought damages under 42 U.S.C. § 1983, as well as declaratory and injunctive relief.

While this action was pending in the district court, Gwinnett County replaced the challenged ordinances with a substantially revised set of ordinances. It then moved the district court to dismiss Tokyo Valentino's complaint as moot because of the new ordinances. Tokyo Valentino opposed that motion and separately moved for leave to file a second amended complaint challenging both the original ordinances and the revised ones. The district court granted the County's motion and denied Tokyo Valentino's motion. Here is the entirety of its orders:

> This is an action seeking to enjoin Gwinnett County's adult entertainment ordinance. It is before the Court on the Defendant's Motion to Dismiss and Suggestion of Mootness [Doc. 19]. The ordinance in effect at the time this action was filed has been repealed and superceded. Because there may be a ripeness issue, the Plaintiff's Motion for Leave to File Second Amended Complaint [Doc. 22] is DENIED. The Defendant's Motion to Dismiss [Doc. 19] is GRANTED. The case is moot.

Tokyo Valentino appeals those orders and the resulting judgment.

2

We begin by reviewing the district court's decision to dismiss this entire action as moot.  The rule is that, when a plaintiff challenges the constitutionality of local ordinances, replacement of the ordinances usually moots the plaintiff's claims for prospective relief, see Coral Springs Street Sys., Inc. v. City of Sunrise, 371 F.3d 1320, 1331 n.9 (11th Cir. 2004), but not his claims for damages, see KH Outdoor, L.L.C. v. Clay Cty., 482 F.3d 1299, 1303 (11th Cir. 2007); Crown Media, LLC v. Gwinnett Cty., 380 F.3d 1317, 1325 (11th Cir. 2004); Granite State Outdoor Advert., Inc. v. City of Clearwater, 351 F.3d 112, 1119 (11th Cir. 2003). That rule means that the district court properly dismissed as moot Tokyo Valentino's claims for injunctive and declaratory relief.  It also means, however, that the district court erred in dismissing as moot Tokyo Valentino's claims for damages.  The new ordinances cannot have mooted those damages claims because those claims concern harm that, allegedly, was already caused by the old ordinances.

Additionally, the district court abused its discretion when it denied Tokyo Valentino's motion for leave to file a second amended complaint.  The court did so on the ground that "there may be a ripeness issue."  The bare possibility that a claim is unripe does not support the denial of a motion to file an amended complaint, particularly since Federal Rule of Civil Procedure 15(a)(2) instructs that district courts "should freely give leave [to amend] when justice so requires."

3

We express no opinion as to whether the district court ought to dismiss this action on some other ground, such as lack of standing or failure to state a claim. And we express no opinion as to whether this case is unripe for adjudication, or whether there is some other reason that would justify denying Tokyo Valentino's motion for leave to file an amended complaint. We leave those issues for the district court to decide in the first instance. What we hold today — and all that we hold today — is that Gwinnett County's new ordinances do not moot all of this action, and that the district court abused its discretion by denying leave to file an amended complaint based on the mere possibility that this action is unripe for review.

**VACATED** and **REMANDED** for further proceedings consistent with this opinion.

4